THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MELVIN CHARLES LEE, Defendant-Appellant.

Second District (1st Division)  Nos. 75-394, 75-395 cons.

Opinion filed September 2, 1976.

Ralph Ruebner and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Phyllis J. Perko and Charles D. Sheehy, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

In separate jury trials the defendant was convicted of two charges of armed robbery occurring on the same day and sentenced to consecutive terms of not less than four years and no more than five years in the penitentiary for each offense. He appeals, contending that the denial of his motion to suppress his confession and various trial errors deprived him of a fair trial. He also challenges the imposition of consecutive sentences.

■■ Defendant's contention that his confession should have been suppressed is based essentially on the failure of the prosecution to call one of the officers who was present when the statement was taken.

The burden of proving that a confession is voluntary is, of course, upon the State, but the objection to the failure of the State to call all material witnesses on the issue of voluntariness must be made in the trial court. (Ill. Rev. Stat. 1973, ch. 38, par. 114—11(d).) If the defendant does not object to the State's failure to call all material witnesses in the trial court defendant will be deemed to have waived this claim of error on appeal. See *People v. Glanton*, 33 Ill. App. 3d 124, 140-41 (1975); *People v. West*, 25 Ill. App. 3d 827, 830-31 (1975).

Defendant did not object in the trial court. From our review of the record we find no substantial infringement of defendant's constitutional rights to give us reason to excuse the waiver by application of the "plain error" doctrine. Ill. Rev. Stat. 1973, ch. 110A, par. 615(a); compare *People v. Willis*, 26 Ill. App. 3d 518, 524-25 (1975).

■■ Defendant next contends that the court erred in admitting evidence which he claims was wrongfully seized from his automobile. We also find no merit in this argument which, we further note, was not presented in any manner in the trial court by either a motion to suppress

evidence or in a post-trial motion. In addition, the argument is not meritorious in view of the facts.

An armed robbery at a furniture store in Elgin was reported to the police at shortly past noon on January 6, 1975. They were advised that two black men, one with a gun and the other with a knife, had taken money from an employee of the store. A second armed robbery which occurred at a jewelry store in Elgin at approximately 2 p.m. was later reported to the police. The police noticed a car driven by a black man who "seemed to be intent on what was going on back towards the area of the jewelry store," as he was driving in the area. The officer followed the car and saw that it made a turn into a dead end street approximately 1½ blocks from the jewelry store. When the car reached the end of the street the driver began to turn it around. An officer approached the vehicle intending, as he testified, to check the driver's identification. The driver did not obey the officer's signal to stop but accelerated past him. The officers then chased the vehicle for approximately one-half mile during which time the driver drove past stop signs and a stop light without stopping. The defendant was searched for weapons outside of his vehicle but none were found. He was then placed in the squad car. The officers checked the front seat area of the defendant's car and found a stocking cap which was related to the identification in one of the armed robberies and a butcher knife which was related to another of the robberies. Defendant was charged with the motor vehicle violations.

■■ Following the defendant's driving of his car past the officer and his commission of the several traffic violations in his flight the officers clearly had probable cause to stop the defendant and to arrest him for those violations, as well as to further investigate his conduct. However, the search of his car after he had been removed to the squad car may not be properly justified as an incident to his lawful arrest in view of the lack of control which the defendant then had over his vehicle. While the circumstances could reasonably indicate that the police were dealing with a criminal rather than an ordinary traffic offender the search of the vehicle could not be justified in order to either insure the safety of the officers or to prevent an escape. See *People v. Palmer*, 62 Ill. 2d 261, 264 (1976).

■■ However, we conclude that the search of the car without a warrant was reasonable given the circumstances. The officers were looking for two black men reported to have committed an earlier armed robbery. When they investigated a report of a second armed robbery at a jewelry store in Elgin they saw defendant driving away from the area of the store's location looking back towards the store in a manner they could reasonably view as suspicious. And when they stopped him to investigate defendant fled and in the chase committed motor vehicle offenses. The total circumstances justified a reasonable belief on the part of the police

that defendant was involved in criminal activities. See *People v. Hering,* 27 Ill. App. 3d 936, 942 (1975).

Defendant's automobile could arguably have been seized, driven to the station and a warrant secured to search, but we do not consider that the failure to do so under the circumstances before us made the search of the automobile at the scene any less reasonable. See *Chambers v. Maroney,* 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975, 1981 (1970); *Texas v. White,* ___ U.S. ___, 46 L. Ed. 2d 209, 96 S. Ct. 304, 305 (1976); *cf. Cardwell v. Lewis,* 417 U.S. 583, 41 L. Ed. 2d 325, 94 S. Ct. 2464, 2469-70 (1974); *cf. South Dakota v. Opperman,* 425 U.S. 909, 49 L. Ed. 2d 1000, 96 S. Ct. 3092 (1976).

■■ Defendant's final argument that the consecutive sentences were improper is also without merit. Consecutive sentences may be imposed for crimes which are "part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(a).) Here, however, the two armed robberies were separated in time and by place and involved different victims. They were therefore separate crimes for which consecutive sentences could be imposed in exercise of the court's discretion. (See *People v. Prim,* 53 Ill. 2d 62, 78 (1972); *People v. Simmons,* 29 Ill. App. 3d 911, 912-14 (1975).) In addition, the trial judge properly set forth sufficient reasons for the imposition of the consecutive sentences. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(b).) We find no abuse of discretion.

The judgments are therefore affirmed.

Affirmed.

GUILD, P. J., and HALLETT, J., concur.