THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEFFREY HARRIS, Defendant-Appellant.

Third District   No. 3—90—0855

Opinion filed October 10, 1991.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

A jury found the defendant, Jeffrey Harris, guilty of armed robbery, attempted murder, and residential burglary (Ill. Rev. Stat. 1989, ch. 38, pars. 18—2, 8—4, 9—1, 19—3). The trial court sentenced him to respective terms of 30 years, 30 years, and 15 years of imprisonment, with all terms running consecutively. The defendant appeals. We affirm in part, and reverse and remand in part.

On appeal, the defendant first argues that his conviction for attempted murder should be reversed. Specifically, he contends that he was denied due process because the jury instructions given failed to include first degree murder instructions. Due to this error, the jury was not fully instructed regarding the elements of the offense of attempted murder.

▪ The trial court must give an instruction that defines the offense that is the alleged subject of the attempt. (Illinois Pattern Jury Instructions, Criminal, No. 6.05, Committee Note (2d ed. 1981).) The court's failure to instruct the jury regarding the specific offense alleged to have been attempted is reversible error. *People v. Davis* (1985), 130 Ill. App. 3d 864, 474 N.E.2d 878.

Here, the record shows that the jury was only given instructions regarding attempt and was not given accompanying instructions on the offense of murder. As the above case law indicates, the failure to include that instruction is reversible error. Accordingly, we find that the defendant's conviction for attempted murder must be reversed and the cause remanded for a new trial.

The defendant next contends that the trial court erred in imposing consecutive sentences. In support of this contention he argues that consecutive sentences cannot be imposed for "offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective." See Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(a).

▪ It is within the discretion of the trial court to determine whether multiple sentences are to be served concurrently or consecutively, and the decision will not be disturbed absent an abuse of discretion. (*People v. Paino* (1985), 137 Ill. App. 3d 645, 484 N.E.2d 1106.) The test to be used in determining whether a particular offense is part of a single course of conduct, during which there was no substantial change in the nature of the criminal objective, is the independent motivation test; that is, were the defendant's acts independently motivated? *People v. Ingram* (1980), 84 Ill. App. 3d 495, 405 N.E.2d 864.

In the case at hand, we find that the trial court did not abuse its discretion in imposing consecutive sentences upon the defendant. The record shows that the defendant broke into the Lambdins' home. Mrs. Lambdin testified that she was in her basement when she heard the sound of glass breaking. Her first thought was that her husband and children had returned home and caused the noise. However, she then heard her dog barking wildly and again heard glass breaking.

The evidence showed that the glass in the front door was broken and the glass was inside the home. It also showed that a window on the east side of the home was broken and the glass from that window was found outside the home.

Mr. Lambdin testified that when he returned home he heard glass breaking either in the front of his house or on the east side of it. As he reached his front door, he saw the defendant standing on the east side of the house. The defendant pointed a gun at him and came toward him. Lambdin stated that he began backing away but was quickly caught by the defendant. At that time, the defendant forced him to his knees and held the gun to his head. The defendant told Lambdin to give all of his money to him or he would blow Lambdin's brains out.

After Lambdin gave his money to the defendant, the defendant told him that he had five seconds to run. As he was running, he heard a gunshot. When he reached the end of the fence on his property, he looked back around the corner and saw the defendant point the gun at him and shoot.

Based on the record, we conclude that the evidence supports a finding that the defendant's actions were independently motivated. The defendant first committed residential burglary by unlawfully entering the Lambdins' home with the intent to commit a theft therein. When he thereafter left the house, the burglary ended.

He next encountered Mr. Lambdin. Instead of fleeing, he decided to rob Lambdin at gunpoint. These actions indicate that the defendant changed his criminal objective from residential burglary to armed robbery, thereby negating his argument that his actions occurred during a single course of conduct. Accordingly, the evidence supports the trial court's imposition of consecutive sentences. We note that we need not address the propriety of the consecutive attempted murder sentence, as that conviction has been reversed and remanded for a new trial.

The defendant next argues that his sentences must be vacated and the cause remanded for resentencing because the trial court improperly considered a certain factor in aggravation. Specifically, he

contends that the court improperly considered the fact that his conduct caused serious harm when that factor is inherent in every offense of armed robbery and residential burglary.

Case law establishes that a trial court's reliance on an improper factor in aggravation does not always necessitate remandment for resentencing. Where the reviewing court can determine from the record that the weight placed on the improperly considered factor did not lead to a greater sentence, remandment is not required. *People v. Bourke* (1983), 96 Ill. 2d 327, 449 N.E.2d 1338.

Here, the trial court found that the defendant committed the instant offenses while out on bond in another case. In addition, it found that the defendant's criminal career since 1987 had gotten progressively more dangerous, to the point where he was now committing crimes involving weapons and shooting at people. The court stated that these actions indicated that the public needed to be protected from further conduct by the defendant.

Based on our review of the record, we conclude that the weight placed on the improper aggravating factor was insignificant. Given the number of aggravating factors, we find that the trial court's passing mention that the conduct caused harm did not result in a greater sentence.

The judgment of the circuit court of Will County is affirmed in part, and reversed and remanded in part.

*Affirmed in part; reversed and remanded in part.*

BARRY and McCUSKEY, JJ., concur.