THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY STRICKLAND, Defendant-Appellant.

Fourth District    No. 4—94—1096

Opinion filed August 5, 1996.

Daniel D. Yuhas and Duane E. Schuster, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:
Defendant Larry Strickland appeals his sentences of 9 years'

imprisonment for aggravated battery (a Class 3 felony), a violation of section 12—4(b)(6) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12—4(b)(6), (e) (West 1992)), and 25 years' imprisonment for unlawful possession of a weapon by a person in the custody of a Department of Corrections (DOC) facility (a Class 1 felony), a violation of section 24—1.1(b) of the Criminal Code (720 ILCS 5/24—1.1(b), (d) (West 1992)), with the terms to run consecutively. We affirm.

After a trial before a Livingston County jury, defendant was convicted of unlawful possession of a weapon by a person in the custody of a DOC facility and aggravated battery based on a battery to correctional officer Anthony Harvey. On October 20, 1994, defendant was an inmate at the Pontiac Correctional Center. While en route to an outdoor exercise room with other inmates, defendant managed to slip off his handcuffs and stab another inmate with a homemade knife. He refused to release his weapon or submit to correctional officers at the scene, so several correctional officers wrestled defendant to the ground. During the struggle, one officer received a cut on his right hand, but he was unsure how he received the cut. He also received a cut on the right side of his face. He was unsure whether that cut was caused by defendant's left fist or the knife, but was certain the right side of his face was struck by defendant's left fist while that hand was holding the knife.

The presentence report stated defendant had several prior convictions. In 1985, he was convicted of murder, two counts of attempt (murder), two counts of armed robbery, and three counts of aggravated kidnapping. In 1991, he was convicted of aggravated battery and unlawful possession of a weapon by a person in the custody of DOC. The following convictions were reported by the Cook County State's Attorney's office, but were not verified by Cook County: a 1974 conviction for murder, a 1981 conviction for unlawful use of a weapon by a felon, and a 1984 conviction for obstructing a police officer. His DOC disciplinary record showed the following violations: 17 disobeying a direct order, 13 assaults, 13 intimidations and threats, 7 unauthorized movements, 7 dangerous contraband, 5 unauthorized property, 2 drugs and drug paraphernalia, 1 attempt (assault), as well as "other less severe violations." From the bench, the trial court declared:

> "I've reviewed the presentence report investigation and report here. Specifically the most—obviously the most striking point of the presentence investigation report is the number of prior offenses and the seriousness of those offenses. The—there's no question here the conduct threatened serious harm, albeit the officer wasn't seriously injured it could have taken place given the nature of the

weapon involved. There is a prior history of serious criminal activity. A sentence in my opinion should be imposed that will deter others in [defendant's] circumstances, that is people incarcerated in [DOC]. For that reason I believe the extended[-]term sentence should be imposed in these cases having regard to the nature and circumstances of the offenses, the history and character of the defendant, I believe the sentences—well, the two sentences I impose should be consecutive. By law they're consecutive to his sentence that he's already serving."

The trial court sentenced defendant to an extended term of 25 years' imprisonment for unlawful possession of a weapon by a person in the custody of DOC, and an extended term of 9 years' imprisonment for aggravated battery, with the terms to run consecutively. Defendant now appeals his sentence.

■ Defendant first asserts the trial court erred in sentencing defendant to extended terms on both counts because, he contends, both arose from the same incident. Section 5—8—2(a) of the Unified Code of Corrections (Code) states:

"A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5—8—1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5—5—3.2 were found to be present." 730 ILCS 5/5—8—2(a) (West 1992).

Our supreme court has interpreted section 5—8—2(a) of the Code to mean, when a defendant has been convicted of multiple offenses, an extended-term sentence may be imposed only for the conviction within the most serious class. *People v. Jordan*, 103 Ill. 2d 192, 205-06, 469 N.E.2d 569, 575 (1984).

After *Jordan*, appellate courts divided on the issue whether this rule prohibiting the imposition of extended-term sentences in different classes of offenses applies also to offenses in different classes which are charged separately and arise from *unrelated* courses of conduct. This court, in *People v. Britt*, 265 Ill. App. 3d 129, 152, 638 N.E.2d 282, 298-99 (1994), held it does not. In *Britt*, the defendant was convicted of attempt (robbery) and aggravated arson. He and an accomplice entered the home of an elderly couple, Warren and Delores Johnson. They threatened to set Delores, who was physically handicapped and could not walk without assistance, on fire unless Warren gave them money. When Warren refused, the defendant set Delores' nightgown on fire, knocked Warren unconscious, barricaded the couple inside their house with old tires, and set the tires on fire. The couple died from fire and smoke inhalation. Several days later, defendant returned to the residence and burglarized it. Somewhere

around the same date, defendant stole copper wire from a nearby transportation company. For these acts, defendant was convicted of attempt (robbery), aggravated arson, residential burglary and felony theft. The trial court imposed an extended-term sentence on each offense. Defendant appealed, noting the extended-term statute permits the imposition of an extended sentence only on the most serious class of offense.

This court affirmed the trial court's sentence, holding "where separate convictions involve unrelated conduct, the trial court can properly impose extended-term sentences on each." *Britt*, 265 Ill. App. 3d at 152, 638 N.E.2d at 298. The residential burglary and theft offenses were each unrelated to any of the other offenses. As to defendant's convictions for aggravated arson, this court declared:

> "[T]he conduct underlying defendant's conviction for attempt (robbery) is also sufficiently separate from that underlying the aggravated arson conviction to support the imposition of an extended-term sentence. After entering the house, defendant threatened to set Mrs. Johnson on fire unless Mr. Johnson gave him some money. This act formed the basis of defendant's attempt (robbery) conviction. Shortly thereafter, defendant set the fires that ultimately burned the house and killed the Johnsons. While these two courses of conduct were in close proximity, they were distinct, and defendant's conviction of aggravated arson does not preclude the imposition of an extended-term sentence \*\*\* for attempt (robbery)." *Britt*, 265 Ill. App. 3d at 153, 638 N.E.2d at 299.

After *Britt*, our supreme court resolved the split among the appellate districts regarding whether the prohibition on imposition of extended-term sentences to offenses in different classes under section 5—8—2 of the Code applies also to offenses in different classes which arise from *unrelated* courses of conduct. In *People v. Coleman*, 166 Ill. 2d 247, 652 N.E.2d 322 (1995), the defendant pleaded guilty to one count of first degree murder and three counts of armed robbery. The offenses each involved a different victim at a different location on a different date. The trial court sentenced the defendant to extended-term sentences on each count, and the defendant appealed. The appellate court reversed the imposition of extended sentences on the armed robberies, believing section 5—8—2(a) of the Code did not allow this. Our supreme court reversed the decision of the appellate court and affirmed the sentence given by the trial court. Our supreme court interpreted section 5—8—2(a) of the Code and concluded this section does not prohibit the imposition of extended-term sentences on "separately charged, differing class offenses that arise from unrelated courses of conduct[,] regardless of whether the cases are

separately prosecuted or consolidated." *Coleman*, 166 Ill. 2d at 257, 652 N.E.2d at 327.

∎ The offenses in *Coleman* involved different victims, locations, dates, and criminal objectives; thus, the offenses clearly involved *unrelated* courses of conduct. *Coleman* did not explain, however, at what point courses of conduct are deemed *related* to each other. We note the legislature has seemingly attempted to define "separate courses of conduct" in another context: the determination of eligibility for consecutive sentences. Section 5—8—4(a) of the Code defines a "separate" course of conduct in terms of one where there has been a "substantial change in the nature of the criminal objective." 730 ILCS 5/5—8—4(a) (West 1992); see also *People v. Bole*, 155 Ill. 2d 188, 613 N.E.2d 740 (1993). Since *Bole*, appellate courts have not developed any consistent or coherent analysis of when courses of conduct are "related" as opposed to "separate"; rather, the appellate courts appear to have simply limited *Bole* to its facts. Compare *People v. Leggans*, 253 Ill. App. 3d 724, 737, 625 N.E.2d 1133, 1143-44 (1993) (separate courses of conduct where two acts of sexual assault perpetrated on two different victims, in different locations, and different dates), with *People v. Johnson*, 262 Ill. App. 3d 565, 572, 634 N.E.2d 1285, 1290 (1994) (single course of conduct where multiple acts of sexual assault perpetrated on one victim at same location and in immediate succession); *People v. Embry*, 249 Ill. App. 3d 750, 767, 619 N.E.2d 246, 258 (1993) (single course of conduct where multiple acts of sexual assault perpetrated on two different victims but in same location within 10-minute time span); *People v. Guzman*, 276 Ill. App. 3d 750, 760, 658 N.E.2d 1268, 1276 (1995) (single course of conduct where two attackers committed multiple acts of sexual assault on single victim at same location and in immediate succession); *People v. Robinson*, 273 Ill. App. 3d 1069, 1073, 652 N.E.2d 1311, 1314 (1995) (defendant's acts of murder and concealment of the death were single course of conduct where the acts were "part of a common scheme accompanied by the same motivation, namely, to eliminate [the victim]"); see also *People v. Childs*, 278 Ill. App. 3d 65, 77-78, 662 N.E.2d 161, 169 (1996) (assuming, without discussion, single course of conduct where acts of sexual assault perpetrated on same victim at two different locations within eight hours' time). The foregoing precedents, however, do not apply to section 5—8—2 of the Code, which in no way defines "separate course of conduct." As such, we decline to follow these precedents which interpret and apply section 5—8—4(a) of the Code.

We understand the difficulty trial courts have had, and will continue to have, in applying section 5—8—2 of the Code to determine when defendants are eligible for extended sentences based

on whether the offenses at issue were part of "separate" courses of conduct. The confusion in regard to this section is much the same as involves section 5—8—4(a) of the Code involving the eligibility for consecutive sentences. We decline to add to the confusion by attempting to adopt a definition of "unrelated" courses of conduct that would be unsound in theory and unworkable in practice. Absent clarification from our supreme court on what "unrelated" course of conduct means or legislative guidance on this issue, such as the simplification of technically complex sentencing rules, we see no reason to depart from our holding in *Britt* that the offenses at issue there involved separate courses of conduct.

■ Applying *Britt* here, defendant's offenses arose from distinct courses of conduct. Defendant asserts his possession and aggravated battery offenses arose out of the same course of conduct so the trial court erred in sentencing him to an extended term on the lesser-class offense of aggravated battery. The State contends defendant's convictions for weapon possession and aggravated battery arose out of separate courses of conduct so the trial court did not err in sentencing defendant to extended terms on each offense. The State is correct. Defendant acquired possession of the homemade knife sometime prior to the incident. After defendant stabbed the other inmate with the knife, his goal of doing so, as well as the purpose behind his acquisition of the knife, had been fulfilled. Defendant then decided he would refuse to recognize the authority of correctional officers at the scene. His violent resistance to the correctional officers was the obvious yet futile manifestation of this choice. Although these two courses of conduct were in close proximity, they were distinct, and defendant's conviction of the weapon possession charge does not preclude the imposition of an extended-term sentence for aggravated battery of Officer Harvey.

■ Defendant next asserts the trial court improperly considered as an aggravating factor the fact his conduct caused or threatened serious harm, when that fact is an element of aggravated battery. This argument is without merit. It is true a factor implicit in an offense cannot be used as an aggravating factor in sentencing a defendant for a conviction on that offense. *People v. Saldivar*, 113 Ill. 2d 256, 267, 497 N.E.2d 1138, 1142 (1986). However, both defendant and the State overlook the fact defendant was convicted of aggravated battery based not on great bodily harm caused or threatened, but instead based on defendant's battery of a correctional institution employee while that employee was engaged in the execution of his official duties. Serious harm is not an element of the offense of which defendant was convicted. Therefore, the trial court was entitled to

consider the serious harm caused or threatened by defendant's use of a knife as an aggravating factor in sentencing him.

■ Defendant finally argues the trial court erred in sentencing him based in part on his prior convictions because some of those prior convictions were unverified. This argument, too, is without merit. When defendant was sentenced, his 1971, 1981, and 1984 convictions were shown not by a certified copy of his record, but only by the presentence report. However, items presented in a presentence report are sufficiently reliable to prove a defendant's prior criminal history. *People v. Williams*, 149 Ill. 2d 467, 487-88, 599 N.E.2d 913, 922-23 (1992). *People v. Blanck*, 263 Ill. App. 3d 224, 635 N.E.2d 1356 (1994), cited by defendant, detailed the evidence necessary to support a presentence report's statements concerning the defendant's commission of *unprosecuted* offenses. As such, *Blanck* is inapposite here. Defendant's criminal history was sufficiently proved.

Affirmed.

McCULLOUGH and GARMAN, JJ., concur.