THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRELL W. BELL, JR., Defendant-Appellant.

Fourth District No. 4—98—0840

Opinion filed May 9, 2000.

Daniel D. Yuhas and Robert N. Markfield, of State Appellate Defender's Office, of Springfield, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

In January 1998, a jury found defendant, Terrell W. Bell, Jr., guilty of armed robbery (720 ILCS 5/18—2(a) (West 1996)), robbery (720 ILCS 5/18—1(a) (West 1996)), and two counts of aggravated battery (720 ILCS 5/12—4(a), (b)(1) (West 1996)). In February 1998, the trial court sentenced defendant to 20 years' imprisonment for armed robbery and a concurrent extended term of 10 years' imprisonment for aggravated battery. Defendant appeals, arguing (1) the trial court's sentence was an abuse of discretion in light of defendant's rehabilitative potential, and (2) the trial court erred in imposing an extended-term sentence for aggravated battery because he was convicted of the more serious class offense of armed robbery. We affirm.

## I. BACKGROUND

On August 20, 1997, defendant, Andre Anderson, Ronald Smith, and Terry Powell patronized Chuck and Charlie's Tavern in Quincy, Illinois. Upon leaving the establishment, the men beat and robbed Powell, an acquaintance of defendant, in the alley behind the tavern. Defendant struck Powell three times with either a pool cue or mop handle. Defendant, Anderson, and Smith also hit and kicked Powell. At some point, defendant took money from Powell's pants pockets. Defendant, Anderson, and Smith continued to strike and kick Powell after defendant took the money from Powell's pocket.

On August 22, 1997, the State charged defendant with one count each of armed robbery and robbery, two counts of aggravated battery, and one count of failure to register a change of address as a child sex offender (730 ILCS 150/6 (West Supp. 1997)). Later, the failure to register charge was severed upon defendant's motion.

In January 1998, a jury convicted defendant of one count each of armed robbery and robbery and two counts of aggravated battery. In February 1998, the trial court held defendant's sentencing hearing. Defendant's presentence reports indicated he was convicted of aggravated battery, trespassing, obstructing a peace officer, and unlawful possession of alcoholic liquor by a minor in 1989; no valid driver's license, possession of liquor by a minor, disturbing the peace, and trespassing in 1990; trespassing and battery in 1991; and aggravated criminal sexual assault in 1992. While incarcerated, defendant obtained a high school equivalency diploma, a bachelor's degree in computers, and an associate's degree in horticulture and landscape architecture. Defendant was released from prison in April 1996 and was on supervised release at the time of the instant offenses, August 20, 1997.

At the sentencing hearing, the State asked the trial court to sentence defendant to a term of imprisonment of 30 to 50 years. Defendant's counsel asked the trial court for leniency based on defendant's age (24) and his rehabilitative potential. The trial court sentenced defendant to 20 years' imprisonment for the armed robbery conviction and a concurrent extended-term sentence of 10 years' imprisonment for the aggravated battery conviction. When discussing its decision, the trial court stated it considered the evidence at trial, arguments of counsel, defendant's statement in allocution, defendant's rehabilitative potential, and defendant's criminal record. The trial court denied defendant's motion for a reduction of sentence and this appeal followed.

## II. ANALYSIS

### A. Abuse of Discretion

■ A trial court is granted deference when imposing a sentence and is in a better position than the reviewing court to assess the credibility of the witnesses and weigh the evidence presented at a sentencing hearing. *People v. Williams*, 303 Ill. App. 3d 264, 268, 707 N.E.2d 729, 732 (1999). A sentence imposed within the statutory range permissible for the defendant's offense will not be disturbed absent an abuse of discretion. *People v. Coleman*, 166 Ill. 2d 247, 258, 652 N.E.2d 322, 327 (1995). The trial court is the proper forum to balance the mitigating and aggravating factors and make a reasoned decision as to the appropriate sentence. See *Coleman*, 166 Ill. 2d at 261-62, 652 N.E.2d at 329. A defendant's rehabilitative potential is not entitled to greater weight than the seriousness of the offense. *Coleman*, 166 Ill. 2d at 261, 652 N.E.2d at 329. In addition, if mitigating evidence is presented to the trial court, this court presumes the trial court took the

mitigating evidence into consideration, absent some contrary evidence. *People v. Zarka-Nevling*, 308 Ill. App. 3d 516, 526, 720 N.E.2d 334, 341 (1999).

In this case, the trial court imposed sentences within the statutory ranges. The court sentenced defendant to 20 years' imprisonment for the armed robbery conviction and 10 years' imprisonment for the aggravated battery conviction. Defendant was eligible to receive an extended-term sentence of 30 to 60 years' imprisonment for armed robbery (730 ILCS 5/5—5—3.2(b)(1) (West Supp. 1997), 5—8—2(a)(2) (West 1996)) and 5 to 10 years' imprisonment for aggravated battery (730 ILCS 5/5—5—3.2(b)(1) (West Supp. 1997), 5—8—2(a)(5) (West 1996)). When sentencing defendant, the trial court stated it took into consideration factors in mitigation and aggravation. These factors included defendant's improvements while incarcerated; his "serious criminal record," which included a conviction for a Class X felony; and the nature of the attack on Powell. The record clearly establishes the trial court took all factors into consideration when sentencing defendant, and its decision was not an abuse of discretion.

## B. Extended-Term Sentence for the Aggravated Battery Conviction

Defendant also argues he was not eligible to receive an extended term sentence for the aggravated battery conviction. He contends both of his convictions arose from the same course of conduct; therefore, he was only eligible to receive an extended-term sentence on the most serious offense, *i.e.*, armed robbery.

Section 5—8—2(a) of the Unified Code of Corrections (Code) states:

> "A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by [s]ection 5—8—1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of [s]ection 5—5—3.2 were found to be present." 730 ILCS 5/5—8—2(a) (West 1996).

The Supreme Court of Illinois has interpreted this section to mean a defendant convicted of multiple offenses may be sentenced to an extended-term sentence on only those offenses within the most serious class. *People v. Jordan*, 103 Ill. 2d 192, 205-06, 469 N.E.2d 569, 575 (1984). However, extended-term sentences may be imposed on differing class offenses that arise from unrelated courses of conduct. *Coleman*, 166 Ill. 2d at 257, 652 N.E.2d at 327. Thus, the question before this court is whether the armed robbery and aggravated battery convictions arose from unrelated courses of conduct.

When previously addressing this issue, this court has refrained

from adopting a test to determine whether offenses arise from unrelated courses of conduct for purposes of extended-term sentencing. *People v. Strickland*, 283 Ill. App. 3d 319, 324-25, 668 N.E.2d 1201, 1204 (1996); *People v. Keene*, 296 Ill. App. 3d 183, 188, 693 N.E.2d 1273, 1276 (1998).

In *Strickland*, the defendant received extended-term sentences for both unlawful possession of a weapon by a person in the custody of the Department of Corrections (720 ILCS 5/24—1.1(b), (d) (West 1992)) and aggravated battery (720 ILCS 5/12—4(b)(6), (e) (West 1992)). *Strickland*, 283 Ill. App. 3d at 322, 668 N.E.2d at 1202. We refused to adopt the precedents interpreting "separate course of conduct" as applied to consecutive sentences of section 5—8—4(a) of the Code (730 ILCS 5/5—8—4(a) (West 1992)). We followed our reasoning in *People v. Britt*, 265 Ill. App. 3d 129, 638 N.E.2d 282 (1994), and affirmed the defendant's sentences. We found defendant's possession of a homemade knife prior to stabbing another inmate and his violent resistance of correctional officers after stabbing the inmate were distinct courses of conduct. We reasoned the purpose of defendant's acquisition of the homemade knife was to stab another inmate. After stabbing the inmate, the defendant then chose to violently resist correctional officers. Although the defendant's actions were close in proximity, they were distinct. *Strickland*, 283 Ill. App. 3d at 325, 668 N.E.2d at 1204.

■ In *Keene*, the defendant received the maximum nonextended sentence for the offense of unlawful possession of a weapon by a person in the custody of the Department of Corrections, enhanced from Class 1 to Class X based on his having two or more Class 2 or greater felony convictions (720 ILCS 5/24—1.1(b), (e); 730 ILCS 5/5—5—3(c)(8) (West 1996)), and an extended-term sentence for the lesser class offense of aggravated battery (720 ILCS 5/12—4(b)(6), (e); 730 ILCS 5/5—8—2(a)(5) (West 1996)). *Keene*, 296 Ill. App. 3d at 186-88, 693 N.E.2d at 1275-76. We affirmed as to defendant's extended-term sentence for the lesser Class 3 felony of aggravated battery, finding defendant was guilty of possession of a weapon the moment he came into possession of it, and his later use of the weapon in an aggravated battery was a separate unrelated offense. *Keene*, 296 Ill. App. 3d at 188, 693 N.E.2d at 1276. Justice Cook, in a special concurrence, concluded the proper test to determine whether an offense arose from an unrelated course of conduct for purposes of imposition of extended-term sentences was the "multiple acts test." *Keene*, 296 Ill. App. 3d at 191, 693 N.E.2d at 1278-79 (Cook, J., specially concurring). Under that test, offenses arise from an unrelated course of conduct whenever two offenses are supported by more than one physical act, unless one offense is an included

offense. *People v. King*, 66 Ill. 2d 551, 566, 363 N.E.2d 838, 847-48 (1977).

◼ In the present case, the question again arises as to the proper method to use to determine if a defendant's actions arose from an unrelated course of conduct. This court is still without clarification from our supreme court or legislative guidance on this issue. However, to clarify our previous decisions and to aid the trial courts in making determinations on this issue, we adopt the multiple acts test for purposes of determining if conduct is an unrelated course of conduct for the imposition of extended-term sentences.

We find the multiple acts test is more appropriate than the "independent motivation test" used by some courts to determine whether consecutive sentences may be imposed. See, *e.g.*, *People v. Kagan*, 283 Ill. App. 3d 212, 220, 669 N.E.2d 1239, 1245 (1996). Under the "independent motivation test," the court must determine if the criminal's acts were independently motivated and were guided by an " 'overarching criminal objective.' " *Kagan*, 283 Ill. App. 3d at 220, 669 N.E.2d at 1245, quoting *People v. Fritz*, 225 Ill. App. 3d 624, 629, 588 N.E.2d 307, 310-11 (1992). For example, under the independent motivation test, a prisoner who stole a motor vehicle valued over $10,000 as part of his plan to escape could not receive two extended-term sentences for the escape (720 ILCS 5/31—6 (West 1992)) and the theft (720 ILCS 5/16—1(a)(1), (b)(5) (West 1992)) charges because the theft was not independently motivated from the conduct constituting the escape offense. See generally *People v. Whittington*, 46 Ill. 2d 405, 409-10, 265 N.E.2d 679, 681-82 (1970) (finding defendant could not receive consecutive sentences because theft was not independently motivated from offense of escape). We believe this test has potential for confusion and gives less guidance to trial courts.

While we did not explicitly adopt the multiple acts test in *Strickland* and *Keene*, the holdings in those cases remain the same under such a test. In *Strickland*, the defendant's act of obtaining possession of the homemade knife was a separate act from that of cutting correctional officers with the knife when the officers tried to restrain the defendant after he stabbed another inmate. Also, the defendant's act of obtaining a weapon was separate from the act of using the weapon to commit the battery. *Keene*, 296 Ill. App. 3d at 191, 693 N.E.2d at 1279 (Cook, J., specially concurring).

In this case, defendant struck Powell with a mop handle or cue stick and struck and kicked him before reaching into Powell's pants and taking his money. After taking the money, defendant again struck and kicked Powell. Defendant's act of armed robbery, taking money from Powell's pants while armed with a dangerous weapon, was a sep-

arate and distinct act from defendant's act of striking and kicking Powell. The act of reaching into Powell's pants and taking his money was a separate act from the act of striking and kicking Powell. We concede the defendant's various acts had some connection to each other, but conclude he committed two separate acts and two separate crimes and is eligible for an extended-term sentence for aggravated battery. The trial court properly sentenced defendant.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

GARMAN and MYERSCOUGH, JJ., concur.