THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SAMUEL RITCHEY, Defendant-Appellant.

First District (6th Division)   No. 1—95—3311

Opinion filed February 14, 1997.

Rita A. Fry, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and George L. Canellis, Jr., Assistant State's Attorneys, of counsel), for the People.

JUSTICE THEIS delivered the opinion of the court:

Following a jury trial, defendant was convicted of robbery and escape. Based upon his prior record, the court sentenced the defendant to two 30-year terms. The court determined that the defendant should serve the sentences consecutively. On appeal, defendant contends that prosecutorial misconduct deprived him of a fair trial and that the consecutive sentences were illegal. We affirm defendant's convictions but remand for resentencing.

On July 16, 1994, Symphony Lindsey drove into the Amoco service station located at 6600 South Stony Island. As she was putting air in her tires, defendant grabbed Lindsey by the neck, threw her to the ground and robbed her. Lindsey ran after the defendant, but the defendant turned and punched Lindsey before driving away.

Lindsey immediately contacted the police, describing both her assailant and his car. After searching the area for the suspect, an officer drove Lindsey to her home. The officer was parked in front of Lindsey's home when the defendant drove up behind him. After the officer determined that defendant matched the description of Lindsey's assailant, he arrested defendant. The defendant was taken to the police station, where he attempted to escape. The police apprehended the defendant in a nearby yard.

At trial, defendant denied any involvement in the crime. He explained that he fled the station because the police had beaten him for one-half hour and he feared for his life. Officers Cotton and Danzl denied beating defendant and stated that defendant did not appear injured in the station. The prosecutor questioned defendant about his use of aliases and whether defendant filed suit against the officers that allegedly beat him. At closing, the prosecutor further told the jury that, to find defendant not guilty, they would have to find that the victim lied.

The jury found defendant guilty of robbery and escape, Class 2 felonies. Because defendant had two prior convictions, the trial court was required to sentence defendant to Class X terms pursuant to section 5—5—3(c)(8) of the Unified Code of Corrections. 730 ILCS 5/5—5—3(c)(8) (West 1994). The court sentenced defendant to 30 years for each conviction, to be served consecutively. Defendant appeals.

■ Defendant first contends that certain remarks by the prosecutor denied him a fair trial. Defendant claims that the prosecutor improperly asked him about the use of aliases. Defendant also points to the prosecutor's closing remarks that the jury could only find the defendant innocent if they found that the victim had lied. Defendant neither objected to these comments at trial, nor did he raise these issues in a post-trial motion. Therefore, we find these issues are waived. *People v. Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988).

Furthermore, finding that the claimed errors were not of such a magnitude as to deprive defendant of a fair trial, we decline to review these issues under the doctrine of plain error. *People v. Young*, 128 Ill. 2d 1, 538 N.E.2d 461 (1989). The prosecutor did not associate the defendant's use of an alias with a criminal background. See *People v. Berlin*, 75 Ill. 2d 266, 388 N.E.2d 412 (1979). Rather, this information was admissible as evidence of a prior inconsistent statement, used to impeach defendant's credibility. See *People v. Jones*, 116 Ill. App. 3d 233, 451 N.E.2d 1358 (1983). Additionally, stating that either the victim or the defendant was not telling the truth is allowable where there is a direct conflict in the testimony at trial. *People v. Guajardo*, 262 Ill. App. 3d 747, 636 N.E.2d 863 (1994). Moreover, the court instructed the jury that statements made in opening and closing arguments did not constitute evidence. *People v. Thomas*, 137 Ill. 2d 500, 561 N.E.2d 57 (1990). Finding no reversible error, we proceed to defendant's other arguments.

■ Defendant further argues that his 60-year sentence is void under section 5—8—4(c)(2) of the Unified Code of Corrections. Section 5—8—4(c)(2) provides that "the aggregate of *consecutive* sentences shall not exceed the sum of the maximum terms authorized under Section 5—8—2 for the *2 most serious felonies involved*." (Emphasis added.) 730 ILCS 5/5—8—4(c)(2) (West 1994). In the instant case, defendant was charged with two Class 2 felonies. However, the court was required to sentence defendant as a Class X offender because of defendant's prior felonies. See 730 ILCS 5/5—5—3(c)(8) (West 1994). Therefore, in order to apply the formula in section 5—8—4(c)(2), we must determine whether the "2 most serious felonies involved" refer to the Class 2 felonies defendant was charged with or the Class X felonies under which defendant was sentenced.

In interpreting this section, we look to the plain language of the statute. Section 5—8—4(c)(2) references section 5—8—2, which provides:

> "A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5—8—1 for the class of the most serious offense of which the offender was convicted ***." 730 ILCS 5/5—8—2(a) (West 1994).

Reading these two sections of the Unified Code of Corrections together, we find that the "most serious felonies involved" constitute "the most serious offense of which the offender was convicted."

In the instant case, defendant was convicted of two Class 2 felonies. The Illinois Supreme Court recently held that while a defendant's prior convictions may require a court to sentence a defendant as a Class X felony under section 5—5—3(c)(8), this "does not elevate the class of a crime, but merely sets forth criteria under which a defendant shall be sentenced." *People v. Thomas*, 171 Ill. 2d 207, 224, 664 N.E.2d 76, 85 (1996). The court stated that section 5—5—3(c)(8) does not alter the nature of the charged offenses. Accordingly, we find that the "2 most serious felonies involved" were Class 2 felonies, each carrying an extended sentence of up to 14 years. 730 ILCS 5/5—8—2(a)(4) (West 1994).

Applying the formula found in section 5—8—4(c)(2), we find that the aggregate of defendant's *consecutive* sentences could not exceed 28 years. Therefore, the court's imposition of two 30-year sentences to be served consecutively was improper. The State notes, however, that the trial court could have properly imposed two concurrent sentences of 30 years each. The State claims that the legislature could not have intended for the concurrent sentence to exceed the aggregate of consecutive sentences, as the Unified Code of Corrections indicates that consecutive sentences are reserved for more dangerous criminals. The State contends that we must ignore the plain language of the statute to avoid this anomaly under *People v. Bole*, 155 Ill. 2d 188, 613 N.E.2d 740 (1993).

We find that the Illinois Supreme Court's decision in *Bole* only serves to highlight the weakness in the State's position. The *Bole* court was confronted with the dilemma that while section 5—8—4(a) required consecutive sentencing for certain acts committed in a single course of conduct, section 5—8—4 provided that consecutive sentencing was merely permissible where the defendant committed multiple offenses in separate courses of conduct. The court acknowledged that less serious punishments could result for what the court deemed the more egregious conduct. The court concluded that "[a]lthough this might simply have been an oversight by the legislature, it is not one

that we are able to correct under the guise of statutory interpretation." *Bole*, 155 Ill. 2d at 198-99, 613 N.E.2d at 745. Rather, the court gave effect to the plain language of the statute.

Similarly, we recognize that the legislature may not have anticipated that an offender would receive a less severe penalty under the consecutive sentencing guidelines. However, we find that our inquiry ends at the plain language of the statute, which places a clear ceiling on consecutive sentences.

The State further claims that defendant has waived this argument by failing to file a post-sentencing motion challenging the appropriateness of his sentence. The recently amended section 5—8—1(c) provides:

> "A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence." 730 ILCS 5—8—1(c) (West 1994).

The State asks us to hold that compliance with section 5—8—1(c) is a precondition to seeking appellate review of sentencing issues.

■ We find that noncompliance with section 5—8—1(c) does not automatically deprive defendant of the right to obtain appellate review of his sentence. See *People v. McCleary*, 278 Ill. App. 3d 498, 663 N.E.2d 22 (1996). Rather, the right to be lawfully sentenced is substantive, as it affects a prisoner's "fundamental right to liberty." See *People v. Askew*, 273 Ill. App. 3d 798, 806, 652 N.E.2d 1041, 1047 (1995). Accordingly, challenges to erroneous sentences may be excepted from the waiver doctrine under the rule of plain error. See 134 Ill. 2d R. 615(a). Because we find that the trial court impermissibly sentenced defendant to consecutive sentences in excess of the aggregate allowed under section 5—8—4(c)(2), we find that it committed plain error.

Affirmed and remanded for resentencing.

GREIMAN, P.J., and ZWICK, J., concur.