THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM KEENE, Defendant-Appellant.

Fourth District   No. 4—97—0470

Argued February 17, 1998.—Opinion filed April 22, 1998.

COOK, J., specially concurring.

Daniel D. Yuhas and Catherine M. Fitzsimmons (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Timothy J. Londrigan (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, William Keene, appeals his sentence of 10 years' imprisonment for aggravated battery (a Class 3 felony), a violation of section 12—4(b)(6) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12—4(b)(6), (e) (West 1996)), and 30 years' imprisonment for unlawful possession of a weapon by a person in the custody of a Department of Corrections (DOC) facility (a Class 1 felony), a violation of section 24—1.1(b) of the Criminal Code (720 ILCS 5/24— 1.1(b), (e) (West 1996)), with the terms to run consecutively. We affirm in part and reverse in part and remand with directions.

After a jury trial in Livingston County circuit court, defendant was convicted of unlawful possession of a weapon by a person in the custody of a DOC facility and aggravated battery based on a battery to correctional officer Donald Schultheis. On April 29, 1996, defendant was an inmate in the condemned unit at Pontiac Correctional Center. During the regularly scheduled "count" of the inmates at the beginning of the midnight shift, Officer Schultheis and another correctional officer went to each cell of the condemned unit to see if each inmate was present. At that time inmates were allowed to hang blankets at the front of the bars of their cells and when the officers

got to defendant's cell a blanket was hanging as a curtain over the front of the cell.

Officer Schultheis called defendant's name twice. He received no answer and pulled the blanket back. As he did so, defendant, who was standing directly behind the blanket, jabbed Schultheis with a piece of wood with a metal wire sticking out the end. The blow struck Schultheis with such force he spun around. Defendant moved to stab again, but Schultheis and the other officer quickly withdrew.

Schultheis received a puncture wound at his lip and pain shot up his face. As a result of the injury, his facial muscles in that area still twitched and drooped and he continued to feel pain at the time of the trial March 18 and 19, 1997.

The presentence report detailed defendant's numerous prior convictions. All but the last conviction were from the State of Wisconsin. In 1972 he was convicted of two counts of theft; in 1973 of burglary; in 1974, three counts of burglary and one of theft; in 1975, three counts of burglary and one of escape; in 1976 of escape; in 1978 of disorderly conduct; in 1980 of burglary; in 1982 of robbery, burglary and party to robbery; in 1983, two counts of robbery, burglary and injury conduct regardless of life; in 1984 of escape; in 1992 of attempt (robbery), burglary, party to robbery, robbery, injury conduct regardless of life, and escape. Finally, he was convicted of three counts of murder and of armed robbery and was sentenced to death on October 15, 1993, in Stephenson County, Illinois.

Defendant's DOC disciplinary record showed 25 violations, 18 of which were major offenses. A number of the violations were assaults, while others included abuse of privileges, aiding and abetting, health and safety, disobeying direct orders, dangerous contraband, and possession of unauthorized property.

After reviewing the presentence report the trial court stated:

"So the defendant is on the condemned unit because of the murder convictions even setting aside all the other convictions. Well, he has convictions in Wisconsin, which under Illinois law would make him eligible having—a number of them having occurred since 1978, he has three or more separate individually charged Class 2 or higher felony convictions, which for the unlawful possession of weapon Class 1 felony makes him subject to mandatory Class X sentencing. He is also eligible for extended[-]term sentencing on the aggravated battery. I would indicate for the record that these are two separate offenses. Not in the same course of conduct. That possession of the weapon was a completed offense by him in the condemned unit before he then made the decision to use that weapon and commit an aggravated battery upon a correctional of-

ficer. So these are—not these are subject to two separate sentences. He is subject to consecutive sentencing in this case because they are not in the same course of conduct. ***

I am going to sentence him on Count I, aggravated battery, bodily harm[,] to an extended sentence of ten years in the Illinois Department of Corrections for aggravated battery, Class 3 felony.

I am going to sentence him to a consecutive sentence of thirty years, which is a maximum nonextended term in the Illinois Department of Corrections[,] for the offense of unlawful possession of weapon by person in custody of Department of Corrections facility, which is, as I say, mandatory Class X."

Defendant now appeals his sentence.

■ The State first argues defendant has waived all contentions of error regarding his sentences by failing to file a postsentencing motion challenging the appropriateness of his sentence. Section 5—8—1(c) of the Unified Code of Corrections (Code) provides:

"A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence." 730 ILCS 5/5—8—1(c) (West 1996).

The supreme court recently held the provisions of section 5—8—1(c) must be complied with or the issues are waived on appeal. *People v. Reed*, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997). However, the court in *Reed* noted the defendants in that case did not argue their sentencing challenges amounted to plain error. *Reed*, 177 Ill. 2d at 395, 686 N.E.2d at 587. Therefore, the court left open an exception from the waiver doctrine under the rule of plain error found in Supreme Court Rule 615(a). 134 Ill. 2d R. 615(a). This rule states in pertinent part: "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." 134 Ill. 2d R. 615(a).

Our supreme court has explained the plain error rule applies when the evidence is closely balanced or the alleged error is of such magnitude the defendant is denied a fair and impartial trial. *People v. Walker*, 109 Ill. 2d 484, 504, 488 N.E.2d 529, 538 (1985). Sentencing issues may be reviewed as plain error where the issue is one of misapplication of the law, because the right to be sentenced lawfully is substantial because it affects a defendant's fundamental right to liberty. See *People v. Martin*, 119 Ill. 2d 453, 458, 519 N.E.2d 884, 886 (1988); *People v. Ritchey*, 286 Ill. App. 3d 848, 852, 677 N.E.2d 973, 975-76 (1997); *People v. Askew*, 273 Ill. App. 3d 798, 806, 652 N.E.2d 1041, 1047 (1995).

■ In applying this standard to this case, we find no error occurred in the trial court's imposition of an extended term for

defendant's conviction of aggravated battery. Section 5—8—2(a) of the Code states;

> "A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5—8—1 for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5—5—3.2 were found to be present." 730 ILCS 5/5—8—2(a) (West 1996).

Our supreme court has interpreted this section to mean when a defendant has been convicted of multiple offenses, generally an extended-term sentence may be imposed only for the conviction within the most serious class (*People v. Jordan*, 103 Ill. 2d 192, 205-06, 469 N.E.2d 569, 575 (1984)), but extended-term sentences may be imposed on differing class offenses that arise from unrelated courses of conduct. *People v. Coleman*, 166 Ill. 2d 247, 257, 652 N.E.2d 322, 327 (1995).

Defendant argues his possession of a weapon was related to the use of the weapon to stab Schultheis. In support of his argument he claims language used by this court in *People v. Strickland*, 283 Ill. App. 3d 319, 668 N.E.2d 1201 (1996), created a rule the possession of a weapon by an inmate and the use of that weapon in a battery are deemed to be related offenses. In *Strickland*, the defendant was charged with aggravated battery and unlawful possession of a weapon by a person in the custody of DOC. In *Strickland*, however, the defendant stabbed another inmate with a homemade knife and then, in a struggle to subdue him, injured a correctional officer. He was charged with battery on the correctional officer only. *Strickland*, 283 Ill. App. 3d at 321, 668 N.E.2d at 1201-02.

This court held the two offenses were the product of two distinct courses of conduct and, hence, unrelated for purposes of sentencing the defendant to an extended sentence on the battery conviction. *Strickland*, 283 Ill. App. 3d at 325, 668 N.E.2d at 1204. In so holding we stated:

> "Defendant acquired possession of the homemade knife sometime prior to the incident. *After defendant stabbed the other inmate with the knife, his goal of doing so, as well as the purpose behind his acquisition of the knife, had been fulfilled.* Defendant then decided he would refuse to recognize the authority of correctional officers at the scene. His violent resistance to the correctional officers was the obvious yet futile manifestation of this choice. Although these two courses of conduct were in close proximity, they were distinct, and defendant's conviction of the weapon possession charge does not preclude the imposition of an extended-term sentence for aggravated battery of Officer Harvey." (Emphasis added.) *Strickland*, 283 Ill. App. 3d at 325, 668 N.E.2d at 1204.

The language cited in *Strickland* did not create a rule whereby an inmate's possession of a weapon and the first battery offense committed as a result of such possession are related offenses. Rather, we find, as did the trial court, the offense of possession of a weapon by an inmate of DOC is a *separate* offense in this case from any battery committed by the inmate using such a weapon. The elements giving rise to the offense of possession of a weapon by an inmate do not require use of the weapon or proof of the inmate's intent. Section 24—1.1 of the Criminal Code only requires that the inmate *possess* the weapon. The intent with which he possesses it is to be disregarded. 720 ILCS 5/24—1.1(b) (West 1996). Therefore, defendant was guilty of this offense the moment he came into possession of the weapon. His use of the weapon later in the aggravated battery perpetrated on Schultheis was a separate unrelated offense.

Accordingly, the trial court properly determined the two acts to be separate and distinct and properly sentenced defendant to an extended-term sentence for aggravated battery.

As to ·defendant's second argument, that enhancement of his Class 1 felony conviction for possession of a weapon in a DOC facility to a Class X for sentencing purposes was erroneous, we find plain error to have been committed by the trial court and, thus, an exception to the waiver rule under Rule 615(a).

■ Section 5—5—3(c)(8) of the Code provides:

"*When a defendant*, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, *after having twice been convicted* of any Class 2 or greater Class felonies *in Illinois*, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." (Emphasis added.) 730 ILCS 5/5—5—3(c)(8) (West 1996).

According to defendant's presentence report, he had numerous convictions in Wisconsin but only one prior conviction in Illinois. Despite language in section 5—5—3(c)(8) providing for enhancement of a Class 1 or 2 felony for sentencing purposes upon prior convictions "in Illinois" of two or more Class 2 or greater felonies, the trial court found convictions in Wisconsin that were the equivalent of Class 2 or higher felonies in Illinois met the requirements of this section.

There is no case law interpreting the language of section 5—5—3(c)(8) and whether it includes convictions outside Illinois. Thus, we will interpret the statue applying the well-established principles of statutory construction.

■ The primary rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent of the legislature. In determining the legislative intent, a court should first consider the statutory language. Where the statutory language is clear, it will be given effect without resort to other aids for construction. *People ex rel. Baker v. Cowlin*, 154 Ill. 2d 193, 197, 607 N.E.2d 1251, 1253 (1992).

■ In this case, the language could not be more clear. It specifically states a defendant shall be sentenced as a Class X offender "after having twice been convicted of any Class 2 or greater Class felonies *in Illinois*." (Emphasis added.) 730 ILCS 5/5—5—3(c)(8) (West 1996). If the legislature had intended to include convictions outside Illinois it could easily have said so. In fact, the legislature has demonstrated in other sections of the Code, as well as the Criminal Code, a policy to include convictions outside Illinois when it was deemed appropriate.

For example, section 5—5—3(c)(7) of the Code prescribes a term of natural life imprisonment for a defendant adjudged to be a habitual criminal under article 33B of the Criminal Code. 730 ILCS 5/5—5—3(c)(7) (West 1996). Section 33B—1(a) of the Criminal Code defines "habitual criminal" as follows:

> "*Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois* as a Class X felony, criminal sexual assault, aggravated kidnapping or first degree murder, and is thereafter convicted of a Class X felony, criminal sexual assault or first degree murder, committed after the 2 prior convictions, shall be adjudged an habitual criminal." (Emphasis added.) 720 ILCS 5/33B—1(a) (West 1996).

Another example of the legislature's wording is found in section 5—5—3(c)(2)(F) of the Code:

> "A period of probation, a term of periodic imprisonment or conditional discharge shall not be imposed for the following offenses. The court shall sentence the offender to not less than the minimum term of imprisonment set forth in this Code for the following offenses ***:
>
>  (F) A Class 2 or greater felony if the offender had been convicted of a Class 2 or greater felony within 10 years of the date on which he committed the offense for which he is being sentenced." 730 ILCS 5/5—5—3(c)(2)(F) (West 1996).

When called upon to determine whether the provisions of section 5—5—3(c)(2)(F) applied to prior convictions outside Illinois, this court specifically looked at the provision in section 5—5—3(c)(8), noting its use of the phrase "in Illinois." The court then found the

legislature's restriction of convictions to those in Illinois in one section of the Code did not imply the same restriction in other sections of the Code when it was silent and held the silence in section 5—5—3(c)(2)(F) allowed for the use of convictions in other states when they were for offenses that would be classified as Class 2 or greater in Illinois. *People v. Daniels*, 194 Ill. App. 3d 648, 650-52, 551 N.E.2d 297, 299-300 (1990).

The legislature purposely included the phrase "convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois" in section 33B—1(a) of the Criminal Code while specifically including only "in Illinois" in section 5—5—3(c)(8) of the Code. 720 ILCS 5/33B—1(a); 730 ILCS 5/5—5—3(c)(8) (West 1996). Following the well-established principle of statutory construction, *expressio unius est exclusio alterius* (the expression of one thing implies the exclusion of the other) (see *Condell Hospital v. Illinois Health Facilities Planning Board*, 124 Ill. 2d 341, 366, 530 N.E.2d 217, 229 (1988)), the expression of "in Illinois" in section 5—5—3(c)(8) excludes the implication that out-of-state convictions are to be used to classify a conviction as Class X for sentencing purposes.

The record does not indicate defendant had two prior Class 2 or greater felony convictions in Illinois. We conclude he was inappropriately sentenced as a Class X felon on his conviction for possession of a weapon by a person in the custody of DOC. This was plain error.

For the foregoing reasons, defendant's sentence of 10 years for aggravated battery is affirmed and his sentence of 30 years for possession of a weapon by a person in custody of DOC is reversed and the cause is remanded for resentencing.

Affirmed in part and reversed in part; cause remanded with directions.

GREEN, J., concurs.

JUSTICE COOK, specially concurring:

The question has been asked in other contexts whether offenses "arise from unrelated courses of conduct." *Coleman*, 166 Ill. 2d at 257, 652 N.E.2d at 327. Perhaps the test that finds the most offenses to be related is the "independent motivation test." Under that test, a prisoner who stole a motor vehicle on prison grounds as part of his plan of escape could not be sentenced to consecutive terms for the escape charge and the theft charge, because the theft was not inde-

pendently motivated or otherwise separable from the conduct that constituted the offense of escape. *People v. Whittington*, 46 Ill. 2d 405, 409-10, 265 N.E.2d 679, 681-82 (1970); see also 730 ILCS 5/5—8—4(a) (West 1996) (court shall not impose consecutive sentences for offenses that were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective). At the other end of the spectrum is the "multiple acts test," which allows concurrent sentences whenever two offenses are supported by more than one physical act, unless one offense is a lesser included offense of the other. Under the multiple acts test a defendant can be sentenced to concurrent sentences where he enters a dwelling with the motivation to commit a rape. *People v. King*, 66 Ill. 2d 551, 559-60, 363 N.E.2d 838, 841 (1977). (Since 1988, however, consecutive sentences are mandatory where one of the offenses is aggravated criminal sexual assault. See 730 ILCS 5/5—8—4(a) (West 1996).)

It is not clear whether the majority adopts the independent motivation test, the multiple acts test, or some third test. *Strickland* may have employed the independent motivation test. The majority states that possession of the weapon here was a separate offense from any battery committed with the weapon because (1) the elements of possession of a weapon do not require use of the weapon, and (2) defendant committed the offense of possession of a weapon before he committed the offense of battery with the weapon. 296 Ill. App. 3d at 188. It may be that the majority has chosen to apply the "abstract elements test" once used to determine whether one offense is a lesser included offense of another. See *People v. Hamilton*, 179 Ill. 2d 319, 327, 688 N.E.2d 1166, 1171 (1997).

I conclude that the proper test to determine whether offenses arise from unrelated courses of conduct for purposes of extended-term sentencing is the least restrictive test, the multiple acts test. Here the court could have found that there were separate acts in that defendant possessed the weapon at a time separate from the time when he used the weapon to commit the battery. Possession of a weapon and battery with a weapon are not lesser included offenses of each other, at least where they occur at different times. Accordingly, the trial court properly sentenced defendant to an extended-term sentence for aggravated battery.