THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY L. BOATMAN, Defendant-Appellant.

Fourth District    No. 4—98—0212

Opinion filed March 8, 1999.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a jury trial in the circuit court of Champaign County, defendant Gregory L. Boatman was found guilty of attempt (first degree murder of a peace officer), two counts of aggravated criminal sexual assault, aggravated battery with a firearm, and unlawful possession of a stolen vehicle. 720 ILCS 5/8—4(a), 12—14(a)(1), 12—4.2(a)(2); 625 ILCS 5/4—103(a)(1) (West 1996). Defendant was sentenced to two consecutive sentences of 60 years for the aggravated criminal sexual assaults, to be served concurrent with extended-term sentences of 160 years for attempt and 14 years for unlawful possession of a stolen vehicle. The issues on appeal are whether (1) the truth-in-sentencing provision is unconstitutional for violating the single subject rule (Ill. Const. 1970, art. IV, § 8(d)); (2) application of the truth-in-sentencing provision violated defendant's right to equal protection of the laws (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2); (3) an extended term for unlawful possession of a stolen vehicle was authorized by statute under the facts of this case; (4) a 160-year sentence for attempt was authorized by statute; and (5) Public Act 88—680 (Pub. Act 88—680, art. 35, § 35—5, eff. January 1, 1995 (1994 Ill. Laws 2750, 2782-83)), which increased the penalty for attempt

(first degree murder of a peace officer), violated the single subject rule. We reduce the sentence for attempt to 80 years, affirm as modified, and remand with directions.

■ Defendant argues that an extended-term sentence is not available for unlawful possession of a stolen vehicle under the facts of this case. The State argues the issue is waived because it was not included in defendant's postsentencing motion. 730 ILCS 5/5—8—1(c) (West 1996); *People v. Reed*, 177 Ill. 2d 389, 395, 686 N.E.2d 584, 587 (1997). In his reply brief, defendant contends this amounts to plain error. 134 Ill. 2d R. 615(a). The plain error standard may be used to review misapplications of law during sentencing. *People v. Keene*, 296 Ill. App. 3d 183, 186, 693 N.E.2d 1273, 1275 (1998). Furthermore, a sentence that fails to conform to a statutory requirement is void and may be attacked at any time. *People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995), citing with approval *People v. Mapps*, 198 Ill. App. 3d 521, 523-24, 555 N.E.2d 1275, 1276-77 (1990) (declaring void a portion of an extended-term sentence beyond the statutory maximum when defendant was not eligible for an extended-term sentence). Therefore, the issue will be considered.

■■ Possession of a stolen vehicle is a Class 2 felony. 625 ILCS 5/4—103(b) (West 1996). The standard sentencing range for a Class 2 felony is not less than three years and not more than seven years in prison. 730 ILCS 5/5—8—1(a)(5) (West 1996). If an extended term may be imposed, the extended term shall not be less than seven years and not more than 14 years. 730 ILCS 5/5—8—2(a)(4) (West 1996). Section 5—8—2(a) of the Unified Code of Corrections (Code of Corrections) provides that an extended term may be imposed "for the class of the most serious offense of which the offender was convicted" if the trial court finds one of the aggravating factors set forth in section 5—5—3.2(b) of the Code of Corrections (730 ILCS 5/5—5—3.2(b) (West 1996)) is present. 730 ILCS 5/5—8—2(a) (West 1996). Defendant does not dispute the presence of an aggravating factor that would render available the imposition of an extended sentence. Instead, defendant contends that the possession of a stolen vehicle was not within the most serious class of the multiple offenses for which he was convicted and therefore an extended term was not available for the offense of possession of a stolen vehicle. See *People v. Jordan*, 103 Ill. 2d 192, 205-06, 469 N.E.2d 569, 575 (1984).

■ Defendant argues that an extended term was not available in this case because the charges in this case were "fused and not joined" and were tried together. The supreme court has construed section 5—8—2(a) of the Code of Corrections to mean that imposition of extended terms on separately charged, differing class offenses arising

from unrelated courses of conduct are proper regardless of whether they are prosecuted separately or consolidated. *People v. Coleman*, 166 Ill. 2d 247, 257, 652 N.E.2d 322, 327 (1995). Although in *Coleman* the offenses were separately charged and joined for plea and sentencing, in *Keene*, 296 Ill. App. 3d at 186-87, 693 N.E.2d at 1275-76, this court applied that standard and found no error in imposing extended-term sentences for differing class offenses arising from unrelated courses of conduct without requiring that they be separately charged before being consolidated for trial and sentencing. We decline to read into the statute defendant's suggestion that the offenses must be charged in separate "cases" before joinder to invoke the extended-term sentence provision since the supreme court in *Coleman* has already determined that the legislature could not have intended the absurd results that would follow from such an interpretation. In this case, there were separate indictments for each offense. The fact they were each docketed under the same case number instead of separate case numbers does not deprive the trial court of the authority to impose extended-term sentences when the offenses arise out of an unrelated course of conduct.

The evidence in this case was that defendant came into possession of the stolen vehicle in Chicago on August 16, 1997, knowing it was stolen. The other offenses occurred on August 18, 1997. While defendant was charged with committing the offense of unlawful possession of a stolen vehicle in Champaign County, his commission of that offense in Champaign County was not restricted to the time or necessarily related to the commission of the other offenses. Although use of a motor vehicle may have facilitated defendant's attempted avoidance of apprehension after shooting the peace officer and the commission of the aggravated criminal sexual assaults, the commission of the other offenses did not require that defendant possess a stolen vehicle. Defendant's possession of the stolen vehicle was completed before he committed any of the other offenses and involved an unrelated course of conduct. See *People v. Newell*, 259 Ill. App. 3d 819, 822, 632 N.E.2d 244, 246 (1994) (possession of a stolen vehicle occurs when a person possesses a vehicle while knowing it had been stolen).

■ The State concedes the 160-year sentence for attempt (first degree murder of a peace officer) was not authorized by statute. Section 8—4(c)(1) of the Criminal Code of 1961 (Criminal Code) provides as follows:

"A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but, except for an attempt to commit the offense defined in Section 33A—2 of this Act,

(1) the sentence for attempt to commit first degree murder is the sentence for a Class X felony, except that an attempt to commit first degree murder when at least one of the aggravating factors specified in paragraphs (1), (2) and (12) of subsection (b) of Section 9—1 [first degree murder] is present is a Class X felony for which the sentence shall be a term of imprisonment of not less than 20 years and not more than 80 years." 720 ILCS 5/8—4(c)(1) (West 1996).

The victim being a peace officer is one of the aggravating factors contained in the first degree murder statute. 720 ILCS 5/9—1(b)(1) (West 1996). Therefore, the 20- to 80-year sentencing range applies. This sentencing range provided for a potentially greater sentence than did the extended-term provision for a Class X felony. For a Class X felony, an extended term would fall into the range of not less than 30 years and not more than 60 years. 730 ILCS 5/5—8—2(a)(2) (West 1996). Section 5—8—2(a) of the Code of Corrections, which authorizes extended terms, does not authorize imposition of an extended term by doubling the minimum and maximum limits of the sentencing range provided for the instant offense under section 8—4(c)(1) of the Criminal Code. Therefore, we accept the State's concession that that portion of the 160-year sentence imposed for attempt (first degree murder of a peace officer) beyond 80 years is void.

Next, we consider defendant's contention that Public Act 88—680, which increased the penalty for attempt (first degree murder of a peace officer) in section 8—4(c)(1) of the Criminal Code, is unconstitutional because it violated the single subject rule. Public Act 88—680 amended section 8—4(c)(1) to increase the range of sentences for attempt (first degree murder of a peace officer) from not less than 15 years and not more than 60 years to not less than 20 years and not more than 80 years. 720 ILCS Ann. 5/8—4, Historical & Statutory Notes, at 161 (Smith-Hurd Supp. 1998).

■ The State argues this issue should not be considered because the challenged act has been "codified." See *State v. Mabry*, 460 N.W.2d 472, 475 (Iowa 1990). However, in Illinois, a challenge to the constitutionality of a statute may be raised at any time. *People v. Bryant*, 128 Ill. 2d 448, 454, 539 N.E.2d 1221, 1224 (1989).

■ The specific issue of the unconstitutionality of Public Act 88—680 for violating the single subject rule has been addressed by two appellate courts. *People v. Dainty*, 299 Ill. App. 3d 235, 237-44, 701 N.E.2d 118, 122-27 (1998) (second district panel in third district case, Public Act 88—680 violated the single subject rule), *appeal allowed*, 182 Ill. 2d 556 (1999); *People v. Wiggins*, 298 Ill. App. 3d 766, 768-71, 700 N.E.2d 119, 120-23 (1998) (first district, specifically rejecting the argu-

ments made there and finding that Public Act 88—680 did not violate the single subject rule). "[T]he single subject rule ensures that the legislature addresses the difficult decisions it faces directly and subject to public scrutiny, rather than passing unpopular measures on the backs of popular ones." *Johnson v. Edgar*, 176 Ill. 2d 499, 515, 680 N.E.2d 1372, 1379 (1997). However, a violation of the rule occurs only when the statute, on its face, clearly embraces more than one "subject." *People v. Dunigan*, 165 Ill. 2d 235, 254-55, 650 N.E.2d 1026, 1035 (1995). In a constitutional sense, the term "subject" is comprehensive in scope and must be liberally construed. *Dunigan*, 165 Ill. 2d at 255, 650 N.E.2d at 1035. The subject may be as broad as the legislature chooses, as long as the matters included have a natural and logical connection. *Johnson*, 176 Ill. 2d at 515, 680 N.E.2d at 1379; *Dunigan*, 165 Ill. 2d at 255, 650 N.E.2d at 1035. Therefore, we reject defendant's contention that the subject of Public Act 88—680, "safe neighborhoods," violates the single subject rule because it is too broad. We disagree with defendant that this legislatively recognized subject is tantamount to the "vague notion of public safety" asserted by defendants in *Johnson* as the connection for obviously discordant provisions and rejected by the court in that case. *Johnson*, 176 Ill. 2d at 517-18, 680 N.E.2d at 1380-81.

The legislative history and provisions of Public Act 88—680 are discussed in *Dainty* and *Wiggins* and need not be recited here. After reviewing Public Act 88—680 and the reasoning of both cases, we are in agreement with the statement in *Wiggins* that the provisions in Public Act 88—680 "naturally and logically promote neighborhood safety." *Wiggins*, 298 Ill. App. 3d at 770, 700 N.E.2d at 122.

Defendant contends that the disparate nature of Public Act 88—680 is nowhere more evident than in article 50, amending the WIC Vendor Management Act (410 ILCS 255/1 *et seq.* (West 1992)). In *Wiggins*, the court noted that those amendments were designed to address fraud associated with drug- and gang-related activities threatening neighborhood safety and depriving children of WIC benefits designed to provide them with food and other necessities. *Wiggins*, 298 Ill. App. 3d at 770, 700 N.E.2d at 122; see also *People v. Wheeler*, 299 Ill. App. 3d 245, 253-54, 701 N.E.2d 178, 184 (1998) (amendment to the Illinois Mortgage Foreclosure Law (735 ILCS 5/15—1101 *et seq.* (West 1996)) affecting sheriffs' duties in foreclosure sales was not discordant to the other seven articles of Public Act 89—203 (Pub. Act 89—203, eff. July 21, 1995 (1995 Ill. Laws 2584-2603)) relating to law enforcement).

Therefore, no further reduction to defendant's sentence for attempt (first degree murder of a peace officer) is warranted. Because it is apparent from the trial judge's comments during sentencing that he

intended to sentence defendant to the maximum term for attempt, a remand for resentencing is unnecessary.

■ The final issue concerns defendant's challenge to the constitutionality of the truth-in-sentencing provision. The subject offenses were committed on August 16 and 18, 1997. Pursuant to *People v. Reedy*, 186 Ill. 2d 1, 17 (1999), truth-in-sentencing legislation was not cured of constitutional defects until the enactment of Public Act 90—592 (Pub. Act 90—592, eff. June 19, 1998 (1998 Ill. Legis. Serv. 1429-42 (West)). Thus, we agree with defendant.

Defendant's sentence for attempt (first degree murder of a peace officer) is reduced from 160 years to 80 years. With this modification, the judgment of the circuit court of Champaign County is affirmed, and the cause is remanded with directions that the trial court amend the sentencing order to reflect the aforementioned change in sentence for attempt and that defendant is eligible for day-for-day good-time credit as provided in section 3—6—3 of the Code prior to any "truth-in-sentencing" amendments added thereto. See 730 ILCS 5/3—6—3 (West 1994).

Affirmed as modified and remanded with directions.

STEIGMANN and MYERSCOUGH, JJ., concur.