21 March 2000

NO. 4-98-0212

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

v. ) Champaign County

GREGORY L. BOATMAN, ) No. 97CF1076

Defendant-Appellant. )

) Honorable

) John G. Townsend,

) Judge Presiding.

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a jury trial in the circuit court of Champaign County, defendant Gregory L. Boatman was found guilty of attempt (first degree murder of a peace officer), two counts of aggravated criminal sexual assault, aggravated battery with a firearm, and unlawful possession of a stolen vehicle.  720 ILCS 5/8-4(a), 12-

14(a)(1), 12-4.2(a)(2); 625 ILCS 5/4-103(a)(1) (West 1996).  Defendant was sentenced to two consecutive sentences of 60 years for the aggravated criminal sexual assaults, to be served concur­

rently with extended-term sentences of 160 years for attempt (first degree murder of a police officer) and 14 years for unlawful possession of a stolen vehicle.  The issues on appeal are whether (1) the truth-in-sentencing provision is unconstitu­tional for violating the single-subject rule (Ill. Const. 1970, art. IV, §8(d)); (2) application of the truth-in-sentencing provision violated defendant's right to equal protection of the laws (U.S. Const., amend. XIV §1; Ill. Const. 1970, art. I, §2); (3) an extended term for unlawful possession of a stolen vehicle was authorized by statute under the facts of this case; (4) a 160-year sentence for attempt was authorized by statute; and (5) Public Act 88-680 (Pub. Act 88-680, art. 35, §35-5, eff. January 1, 1995 (1994 Ill. Laws 2750, 2782-83)), which increased the penalty for attempt (first degree murder of a peace officer), violated the single-

subject rule.  In our original disposition, we reduced the sentence for attempt to 80 years, affirmed as modified, and remanded with direc­tions.  However, the supreme court in the exercise of its supervisory authority has directed this court to vacate its judgment and reconsider the cause in light of its decision in 
People v. Cervantes
, 189 Ill. 2d 80, 723 N.E.2d 265 (1999).  
People v. Boatman
, No. 87336 (February 2, 2000) (nonprecedential supervi

sory order), ___ Ill. 2d ___, ___ N.E.2d ___.  We now reduce the sentence for attempt to 60 years, affirm as modified, and remand with directions.

Defendant argues that an extended-term sentence is not available for unlawful possession of a stolen vehicle under the facts of this case.  The State argues the issue is waived because it was not included in defendant's postsentencing motion.  730 ILCS 5/5-8-1(c) (West 1996); 
People v. Reed
, 177 Ill. 2d 389, 395, 686 N.E.2d 584, 587 (1997).  In his reply brief, defendant contends this amounts to plain error.  134 Ill. 2d R. 615(a).  The plain error standard may be used to review misapplications of law during sentencing.  
People v. Keene
, 296 Ill. App. 3d 183, 186, 693 N.E.2d 1273, 1275 (1998).  Furthermore, a sentence that fails to conform to a statutory requirement is void and may be attacked at any time.  
People v. Arna
, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995).  Therefore, the issue will be considered.  

Possession of a stolen vehicle is a Class 2 felony.  625 ILCS 5/4-103(b) (West 1996).  The standard sentencing range for a Class 2 felony is not less than three years and not more than seven years in prison.  730 ILCS 5/5-8-1(a)(5) (West 1996).  If an extended term may be imposed, the extended term shall not be less than seven years and not more than 14 years.  730 ILCS 5/5-8-

2(a)(4) (West 1996).  Section 5-8-2(a) of the Unified Code of Corrections (Code of Corrections) provides that an extended term may be imposed "for the class of the most serious offense of which the offender was convicted" if the trial court finds one of the aggravat­ing factors set forth in section 5-5-3.2(b) of the Code of Corrections (730 ILCS 5/5-5-3.2(b) (West 1996)) is present.  730 ILCS 5/5-8-2(a) (West 1996).  Defendant does not dispute the presence of an aggravating factor that would render available the imposition of an extended sentence.  Instead, defendant contends that the possession of a stolen vehicle was not within the most serious class of the multiple offenses for which he was convicted and therefore an extended term was not available for the offense of possession of a stolen vehicle.  See 
People v. Jordan
, 103 Ill. 2d 192, 205-06, 469 N.E.2d 569, 575 (1984).  

Defendant argues that an extended term was not available in this case because the charges in this case were "fused and not joined" and were tried together.  The supreme court has construed section 5-8-2(a) of the Code of Corrections to mean that imposition of extended terms on separate­ly charged, differing class offenses arising from unrelated courses of conduct are proper regardless of whether they are prosecuted separately or consolidat­ed.  
People v. Coleman
, 166 Ill. 2d 247, 257, 652 N.E.2d 322, 327 (1995).  Although in 
Coleman
 the offenses were separately charged and joined for plea and sentenc­ing, in 
Keene
, 296 Ill. App. 3d at 186-87, 693 N.E.2d at 1275-76, this court applied that standard and found no error in imposing extended-term sentences for differing class offenses arising from unrelated courses of conduct without requiring that they be separately charged before being consolidated for trial and sentencing.  We decline to read into the statute defendant's suggestion that the offenses must be charged in separate "cases" before joinder to invoke the extended-term sentence provision since the supreme court in 
Coleman
 has already determined that the legislature could not have intended the absurd results that would follow from such an interpretation.  In this case, there were separate indictments for each offense.  The fact they were each docketed under the same case number instead of separate case numbers does not deprive the trial court of the authority to impose extended-term sentences when the offenses arise out of an unrelated course of conduct.

The evidence in this case was that defendant came into possession of the stolen vehicle in Chicago on August 16, 1997, knowing it was stolen.  The other offenses occurred on August 18, 1997.  While defendant was charged with committing the offense of unlawful possession of a stolen vehicle in Champaign County, his commission of that offense in Champaign County was not restricted to the time or necessarily related to the commission of the other offenses.  Although use of a motor vehicle may have facilitated defendant's attempted avoidance of apprehension after shooting the peace officer and the commission of the aggravated criminal sexual assaults, the commission of the other offenses did not require that defendant possess a stolen vehicle.  Defendant's possession of the stolen vehicle was completed before he committed any of the other offenses and involved an unrelated course of conduct.  See 
People v. Newell
, 259 Ill. App. 3d 819, 822, 632 N.E.2d 244, 246 (1994) (possession of a stolen vehicle occurs when a person possesses a vehicle while knowing it had been stolen).

The State concedes the 160-year sentence for attempt (first degree murder of a peace officer) was not authorized by statute.  Section 8-4(c)(1) of the Criminal Code of 1961 (Criminal Code) provides as follows:

"A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but, except for an attempt to commit the offense defined in Section 33A-2 of this Act,

(1) the sentence for attempt to commit first degree murder is the sentence for a Class X felony, ex

cept that an attempt to commit first degree murder when at least one of the aggravating factors specified in para­graphs (1), (2) and (12) of subsection (b) of Section 9-1 [first degree murder] is present is a Class X felony for which the sentence shall be a term of imprisonment of not less than 20 years and not more than 80 years."  720 ILCS 5/8-

4(c)(1) (West 1996).

The victim being a peace officer is one of the aggravating factors contained in the first degree murder statute.  720 ILCS 5/9-1(b)(1) (West 1996).  Therefore, under the version of section 8-4(c)(1) applied at sentencing, the 20- to 80-year sentencing range applied.  This sentencing range provided for a potentially greater sentence than did the extended-term provision for a Class X felony.  For a Class X felony, an extended term would fall into the range of not less than 30 years and not more than 60 years.  730 ILCS 5/5-8-

2(a)(2) (West 1996).  Section 5-8-2(a) of the Code of Corrections, which authorizes extended terms, does not authorize imposition of an extended term by doubling the minimum and maximum limits of the sentencing range provided for the instant offense under that version of section 8-4(c)(1) of the Criminal Code.  Therefore, we accept the State's concession that that portion of the 160-year sentence imposed for attempt (first degree murder of a peace officer) beyond 80 years would be void if that version of the statute were constitutional.

Next, we consider defendant's contention that Public Act 88-680, which increased the penalty for attempt (first degree murder of a peace officer) in section 8-4(c)(1) of the Criminal Code, is unconstitutional because it violated the single-subject rule.  Public Act 88-680 amended section 8-4(c)(1) to increase the range of sentences for attempt (first degree murder of a peace officer) from not less than 15 years and not more than 60 years to not less than 20 years and not more than 80 years.  720 ILCS Ann. 5/8-4, Historical & Statutory Notes, at 169 (Smith-Hurd Supp. 1999).  In 
Cervantes
, the supreme court found that Public Act 88-680 violated the single-subject clause of the Illinois Constitu

tion.  
Cervantes
, 189 Ill. 2d at 97-98, 723 N.E.2d at 274.  As a result, the maximum extended term under section 5-8-2(a)(2) of the Code of Corrections is 60 years, as is the maximum term for attempt under section 8-4(c)(1) of the Criminal Code.  Pursuant to the mandate of the supreme court, we reduce defendant's sentence for attempt (first degree murder of a peace officer) to 60 years.  Because it is apparent from the trial judge's comments during sentencing that he intended to sentence defendant to the maximum term for attempt, a remand for resentencing is unnecessary.

The final issue concerns defendant's challenge to the constitutionality of the truth-in-sentencing provision.  The subject offenses were committed on August 16 and 18, 1997.  Pursuant to 
People v. Reedy
, 186 Ill. 2d 1, 17-18, 708 N.E.2d 1114, 1121-22 (1999), truth-in-sentencing legislation was not cured of constitution­al defects until the enactment of Public Act 90-592 (Pub. Act. 90-592, 
eff. June 19, 1998 (1998 Ill. Laws 1284).  Thus, we agree with defendant.

Defendant's sentence for attempt (first degree murder of a peace officer) is reduced from 160 years to 60 years.  With this modification, the judgment of the circuit court of Champaign County is affirmed, and the cause is remanded with directions that the trial court amend the sentencing order to reflect the aforemen­

tioned change in sentence for attempt and that defendant is eligible for day-for-day good-time credit as provided in section 3-

6-3 of the Code prior to any "truth-in-sentencing" amendments added thereto.  See 730 ILCS 5/3-6-3 (West 1994).

Affirmed as modified and remanded with directions.

STEIGMANN and MYERSCOUGH, JJ., concur.