# Illinois Official Reports

## Appellate Court

---

### *In re Antoine B.*, 2014 IL App (3d) 110467-B

---

| | |
|---|---|
| Appellate Court Caption | *In re* ANTOINE B., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Antoine B., Respondent-Appellant). |
| District & No. | Third District<br>Docket No. 3-11-0467 |
| Filed<br>Modified upon<br>denial of rehearing | February 4, 2014<br><br>March 13, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Respondent's juvenile adjudications for felony theft based on his prior juvenile adjudication for theft were not void, but should be reduced to misdemeanor theft adjudications and his commitment to the Department of Juvenile Justice was remanded for a new dispositional hearing to determine the appropriate disposition based on the commission of two charges of misdemeanor theft. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 11-JD-96; the Hon. Chris L. Fredericksen, Judge, presiding. |
| Judgment | Vacated in part and remanded with directions. |

| Counsel on Appeal | Lawrence J. O'Neill, of State Appellate Defender's Office, of Mount Vernon, for appellant. |
|---|---|
| | Jerry Brady, State's Attorney, of Peoria (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion. Justices Holdridge and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1    Respondent, Antoine B., was adjudicated delinquent for two counts of felony theft (720 ILCS 5/16-1(a)(1)(A), (b)(2) (West 2010)) and committed to the Department of Juvenile Justice (DOJJ) for an indeterminate term not to exceed three years. Respondent appealed, arguing that the commitment to the DOJJ was excessive. We affirmed the trial court's judgment. *In re Antoine B.*, 2013 IL App (3d) 110467-U, ¶¶ 14, 17. Pursuant to a supervisory order from the supreme court, we subsequently withdrew our decision and directed the parties to file supplemental briefing on the issue of whether respondent's felony adjudications were void under the supreme court's decision in *People v. Taylor*, 221 Ill. 2d 157, 182 (2006), which held that a prior felony juvenile adjudication was not a prior felony conviction for purposes of the escape statute. *In re Antoine B.*, No. 116538 (Ill. Oct. 2, 2013). Upon consideration of the supplemental briefing, we find that: (1) respondent's current juvenile adjudications for felony theft are not void but should be reduced to misdemeanor theft adjudications; (2) the dispositional order committing respondent to the DOJJ is not an authorized disposition for misdemeanor offenses and is void; and (3) this case should be remanded so that the previous orders may be amended in the trial court to indicate that respondent was adjudicated delinquent for two counts of misdemeanor theft and so that the trial court may conduct a new dispositional hearing to determine the appropriate disposition for respondent based upon the two charges of misdemeanor theft. Therefore, we vacate the trial court's commitment order and remand this case with directions for further proceedings.

¶ 2                                          FACTS
¶ 3    In March 2011, a juvenile delinquency petition was filed charging the then-14-year-old respondent with two counts of Class 4 felony theft for stealing two bicycle lights. The charges were elevated to felonies because respondent had a prior juvenile delinquency adjudication for theft (see 720 ILCS 5/16-1(b)(2) (West 2010)). At a plea hearing, respondent admitted the allegations of the petition and was adjudicated delinquent. Following a dispositional hearing, respondent was committed to the DOJJ for an indeterminate term not to exceed three years. He filed a direct appeal, alleging that the commitment to the DOJJ was excessive. We affirmed the

trial court's judgment. *Antoine B.*, 2013 IL App (3d) 110467-U, ¶¶ 14, 17. Respondent subsequently filed a motion asking this court to withdraw its decision and to allow supplemental briefing. In that motion, respondent alleged for the first time that his felony theft adjudications were void pursuant to *Taylor*. We denied respondent's motion. Respondent filed a petition for leave to appeal (PLA) to the supreme court. The supreme court denied respondent's PLA but entered a supervisory order directing this court to allow the supplemental briefing on the *Taylor* issue. We withdrew our decision and directed the parties to file the supplemental briefing.

¶ 4                                                                ANALYSIS

¶ 5        In his supplemental briefing, respondent argues that his juvenile delinquency adjudications for felony theft are void and that they should be vacated outright. Respondent asserts that the two theft charges in the instant case were elevated from misdemeanors to felonies based upon his prior juvenile adjudication for theft, which was used as an element of the current offenses, and that under *Taylor* and the rules of statutory construction, such an enhancement is impermissible because a prior adjudication for theft does not constitute a prior conviction for purposes of section 16-1(b)(2) of the theft statute (720 ILCS 5/16-1(b)(2) (West 2010)). The State agrees that a prior juvenile adjudication for theft does not constitute a prior conviction for purposes of section 16-1(b)(2) but argues, nevertheless, that respondent's two theft adjudications are not void and should merely be reduced to misdemeanor theft adjudications, rather than vacated outright. The State asserts that the theft adjudications are not void because a prior theft conviction (the prior adjudication in this case) was not an element of the two theft offenses but, rather, was used only to elevate the two charges from misdemeanors to felonies.

¶ 6        Issues of statutory construction, such as the one in the present case, are subject to *de novo* review on appeal. *People v. Baskerville*, 2012 IL 111056, ¶ 18. The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Id*. The most reliable indicator of that intent is the plain and ordinary meaning of the language of the statute itself. *Id*. In determining the plain meaning of statutory terms, a court should consider the statute in its entirety and keep in mind the subject the statute addresses and the apparent intent of the legislature in enacting the statute. *Id*.; 5 ILCS 70/1.01 (West 2010). In addition, if the statute is a criminal or penal one, it must be strictly construed in favor of the defendant. *People ex rel. Gibson v. Cannon*, 65 Ill. 2d 366, 370-71 (1976). When the language of a statute is clear and unambiguous, the statute must be applied as written, without resorting to further aids of statutory construction. *People v. Dabbs*, 239 Ill. 2d 277, 287 (2010). A court may not depart from the plain language of the statute and read into it exceptions, limitations, or conditions that are not consistent with the express legislative intent. *Baskerville*, 2012 IL 111056, ¶ 18. However, if the language of a statute is ambiguous in that it is susceptible to more than one reasonable interpretation, a court may consider extrinsic aids to determine the meaning of the statutory language. See *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 51 (1990).

¶ 7        The theft statute in effect at the time that the offenses in the instant case were committed provided, in relevant part, as follows:

"(b) Sentence.

\* \* \*

(2) A person who has been convicted of theft of property not from the person and not exceeding $500 in value who has been previously convicted of any type of theft \*\*\* is guilty of a Class 4 felony. When a person has any such prior conviction, the information or indictment charging that person shall state such prior conviction so as to give notice of the State's intention to treat the charge as a felony. The fact of such prior conviction is not an element of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial." 720 ILCS 5/16-1(b)(2) (West 2010).

The question in this case is whether, as a matter of statutory construction, respondent's prior juvenile adjudication for theft constitutes a prior theft conviction for purposes of section 16-1(b)(2) that would allow for the elevation of the current theft charges from misdemeanor to felony theft charges.

¶ 8       Our supreme court considered a similar issue in *Taylor*. See *Taylor*, 221 Ill. 2d at 159. In the *Taylor* case, a 16-year-old defendant was charged with attempted escape (720 ILCS 5/31-6(a) (West 1998)) and certain other related offenses for escaping from his cell at a juvenile temporary detention center in Cook County. *Taylor*, 221 Ill. 2d at 159-60. The defendant's case was transferred to adult court. *Id*. One of the elements of the attempted escape charge that the State had to prove was that at the time of the attempted escape, the defendant was a person who had been convicted of a felony. *Id*. at 160-61, 163. To prove that element, the State presented evidence that the defendant had been previously adjudicated delinquent for robbery and had been committed to the juvenile division of the Department of Corrections and was awaiting transfer to a facility when the escape occurred. *Id*. at 160. After the defendant was convicted of attempted escape and sentenced, he appealed. *Id*. The appellate court reversed defendant's conviction, concluding that the defendant's prior felony juvenile delinquency adjudication was not a prior felony conviction for purposes of the escape statute. *Id*. at 160-61. On appeal from the State, the supreme court found that because of the differences involved in a juvenile proceeding and an adult proceeding and because of the safeguards necessary before an adult may be convicted of a felony, a prior juvenile delinquency adjudication for a felony offense did not constitute a prior felony conviction for purposes of the escape statute. *Id*. at 163-82.

¶ 9       In the present case, however, unlike in *Taylor*, a prior conviction is not an element of the two theft offenses of which respondent was adjudicated delinquent. See 720 ILCS 5/16-1(b)(2) (West 2010); Illinois Pattern Jury Instructions, Criminal, No. 13.05, Committee Note (4th ed. 2000). In fact, the theft statute specifically indicates that the prior conviction is not an element of the offense. See 720 ILCS 5/16-1(b)(2) (West 2010). Thus, while we recognize the similarities between *Taylor* and the instant case, we do not believe that *Taylor* controls here or that it requires that respondent's current adjudications be found void. Rather, we believe that the appropriate result is for the juvenile adjudications to be reduced from felony theft offenses to misdemeanor theft offenses. See *People v. Kelly*, 66 Ill. App. 2d 204, 208-12 (1965) (where the value of the stolen property in a theft case was not proven to be over $150 and the value was

not, at that time, an element of the offense but, rather, was only determinative of the proper range of punishment, the appropriate remedy was for the court to reduce the punishment involved to a level appropriate for a theft in which the value of the stolen property did not exceed $150). Therefore, we remand this case for the trial court to amend its prior orders to reflect that respondent has been adjudicated delinquent for two counts of misdemeanor theft in the instant case, rather than two counts of felony theft. The trial court is also required to vacate its dispositional order committing respondent to the DOJJ and to hold a new dispositional hearing to determine the appropriate disposition for respondent in this case based upon the two misdemeanor theft charges.

¶ 10                                    CONCLUSION

¶ 11        For the foregoing reasons, the judgment of the circuit court of Peoria County is vacated in part and the case is remanded with directions.

¶ 12        Vacated in part and remanded with directions.