# Illinois Official Reports

## Appellate Court

---

### *People v. Bailey*, 2015 IL App (3d) 130287

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN BAILEY, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0287 |
| Filed | August 28, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, No. 11-CF-391; the Hon. Scott A. Shore, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Michael J. Pelletier and Steven Varel (argued), both of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Stewart J. Umholtz, State's Attorney, of Pekin (Justin A. Nicolosi (argued), of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justices Carter and Wright concurred in the judgment and opinion. |

¶ 1    Defendant, John Bailey, pled guilty to aggravated domestic battery and was sentenced to 12 years in prison. On appeal, he argues that he was improperly subject to extended-term sentencing under section 5-5-3.2(b)(1) of the Unified Code of Corrections (Code) (730 ILCS 5/5-5-3.2(b)(1) (West 2010)) based on a prior California conviction. Defendant also contends that he is entitled to a $5-per-day credit against his fines for the time he spent in presentence custody. We remand for a new sentencing hearing.

¶ 2    Defendant was charged with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2010)), domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2010)) and interfering with reporting of domestic violence (720 ILCS 5/12-6.3(a) (West 2010)). At a pretrial hearing, the State noted that defendant was eligible for an extended-term sentence under section 5-5-3.2(b)(1) of the Code (730 ILCS 5/5-5-3.2(b)(1) (West 2010)) based on a 2005 California conviction. Defense counsel argued that he did not believe defendant was eligible for an extended term but was unable to confirm his belief because he had not yet received a copy of the 2005 conviction.

¶ 3    Defendant subsequently entered a guilty plea to the charge of aggravated domestic battery in exchange for the State's agreement to drop the two remaining charges. Prior to entry of the plea, the trial court questioned defendant to determine if his plea was voluntary and admonished defendant pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 1997). Because the parties disagreed as to whether defendant was eligible for an extended-term sentence, the trial court admonished defendant under the assumption that defendant was eligible for an extended term, telling defendant that he could be sentenced to a prison term of up to 14 years. After admonishing defendant, the court found that the plea was knowing and voluntary and ordered a presentencing investigation report (PSI).

¶ 4    The PSI listed a number of prior convictions, including five felonies. Four of the felonies occurred in California, and one was charged in Illinois. The State argued that defendant's 2005 California conviction for unlawful taking or driving of a vehicle under section 10851 of the California Vehicle Code (Cal. Veh. Code § 10851 (West 2004)) made him eligible for an extended-term sentence because the conviction was equivalent to a Class 2 felony offense of possession of a stolen or converted vehicle under section 4-103 of the Illinois Vehicle Code (625 ILCS 5/4-103 (West 2004)). The State submitted to the court a certified copy of defendant's prior conviction, along with copies of section 10851 of the California Vehicle Code and section 4-103 of the Illinois Vehicle Code. The order entered in the California conviction provided that the maximum sentence for a section 10851 violation was three years in prison, a $10,000 fine and four years of parole.

¶ 5    The trial court found that defendant's prior conviction for unlawful taking or driving of a vehicle was equivalent to the Illinois Class 2 felony of possession of a stolen vehicle because the elements of the offenses were nearly identical. It then concluded that defendant was eligible for an enhanced sentence and ordered him to serve an extended term of 12 years in prison, with 4 years of mandatory supervised release. The court ordered restitution in the agreed amount of $14,253.35, plus costs and fees, including a $5,000 fine. The sentencing order also provided that defendant was entitled to credit for 108 days spent in custody prior to sentencing.

¶ 6    Defendant filed a postplea motion to reduce his sentence or, alternatively, to withdraw his guilty plea. The trial court denied the motion.

¶ 7                                    ANALYSIS
¶ 8                                        I
¶ 9        In sentencing defendant, the trial court relied on section 5-5-3.2(b)(1) of the sentencing
code. That section provides:

> "(b) The following factors *** may be considered by the court as reasons to impose
> an extended term sentence under Section 5-8-2 upon any offender:
>
> (1) When a defendant is convicted of any felony, after having been previously
> convicted in Illinois or any other jurisdiction of the same or similar class felony or
> greater class felony, when such conviction has occurred within 10 years after the
> previous conviction, excluding time spent in custody, and such charges are
> separately brought and tried and arise out of different series of acts[.]" 730 ILCS
> 5/5-5-3.2(b)(1) (West 2010).

¶ 10       Defendant contends that his prior California conviction does not constitute the "same or
similar class felony" required to trigger application of section 5-5-3.2(b)(1) because "similar
class" means comparing offenses by analyzing the sentencing ranges, not the elements of the
offense. Defendant argues that since the maximum sentence for the 2005 California conviction
was three years, it is not a "similar class felony" when compared to a Class 2 felony in Illinois,
which carries a sentencing range of three to seven years. Whether the statutory reference to a
"similar class" requires consideration of the offenses' sentencing ranges is a question of
statutory interpretation that we review *de novo*. See *People v. Robinson*, 172 Ill. 2d 452, 457
(1996).

¶ 11       The prime consideration in construing a statute is to ascertain and give effect to the
legislative intent. *People v. Jones*, 223 Ill. 2d 569, 580 (2006). Where the statutory language is
clear and unambiguous, the statute must be given effect without resorting to extrinsic aids for
construction. *Id*. at 581. Where, however, the language is ambiguous and susceptible to more
than one reasonable interpretation, a court may look beyond the express words and consider
other interpretive tools to determine the statute's meaning. *In re Antoine B.*, 2014 IL App (3d)
110467-B, ¶ 6. In the event the legislature has provided reasonable definitions of terms within
the statute, such definitions should be maintained. *People v. Harman*, 125 Ill. App. 3d 338, 345
(1984). In construing the meaning of the words used in a particular statute, the court may
consider the reason for the law, problems sought to be remedied, purposes to be achieved, and
consequences of construing the statute one way or another. *People v. Brown*, 2013 IL 114196,
¶ 36. "An elementary canon of statutory construction teaches us that where the legislature uses
certain words in one instance, and different words in another, different results were intended."
*Aurora Pizza Hut, Inc. v. Hayter*, 79 Ill. App. 3d 1102, 1105-06 (1979); see also *Condell
Hospital v. Illinois Health Facilities Planning Board*, 124 Ill. 2d 341, 366 (1988) (the mention
of one thing implies the exclusion of the other).

¶ 12       Section 5-5-3.2(b)(1) permits the trial court to impose an extended-term sentence when the
defendant has been convicted of a felony in any jurisdiction within the past ten years if the
prior conviction is for "the same or similar class felony or greater class felony." 730 ILCS
5/5-5-3.2(b)(1) (West 2010). "Same or similar class" is not defined in the statute. Although
Illinois has a distinct classification scheme, offenses in other states are classified differently or
not at all. Moreover, the relevant legislative history contains no mention of "class" comparison

between Illinois offenses and convictions in other jurisdictions. The State interprets the statute as meaning the elements of the crime, which furthers the reasonable goal of uniformity. Defendant believes that the statute means the measure of the range of the sentence, assuming a different sentencing range is not a "similar" class. Given that the language is open to more than one reasonable interpretation, it is appropriate to look to extrinsic aids and tools of interpretation to determine its meaning.

¶ 13    Different extended-term sentencing provisions in the Code define exactly what standard to apply; that is, the court should evaluate only the elements of the similar offense. Under section 5-4.5-95(b) of the Code, a defendant must be sentenced as a Class X felon if the defendant has "been twice convicted in any state or federal court of an offense that contains the *same elements* as an offense now *** classified in Illinois as a Class 2 or greater Class felony." (Emphasis added.) 730 ILCS 5/5-4.5-95(b) (West 2012). Under section 5-5-3(c)(2)(F) of the Code, a defendant is subject to a mandatory sentence of imprisonment if he or she has been convicted of "a Class 2 or greater felony, including any state or federal conviction for an offense that contained, at the time it was committed, the same elements as an offense now classified *** as a Class 2 or greater felony." 730 ILCS 5/5-5-3(c)(2)(F) (West 2012). When the legislature decides to authorize certain sentencing enhancement provisions in some cases, while declining to impose similar limits in other provisions within the same sentencing code, it indicates that different results were intended. See *Condell Hospital*, 124 Ill. 2d at 366. When the legislature intends to limit sentencing considerations to an analysis of only the elements of an offense, it will expressly do so. Section 5-5-3.2(b)(1) of the Code does not limit the courts' consideration to the elements of the offense. Thus, consideration of the elements, while appropriate, is not the only mode of analysis.

¶ 14    After reviewing the statute and applying the rules of statutory construction, we believe the legislative intent was to consider both the sentencing range and the elements in determining whether a conviction in another jurisdiction is of "the same or similar class felony." In making a section 5-5-3.2(b)(1) determination, a comparison should also include the sentencing range of the prior conviction with the sentencing range of an equivalent Illinois offense. Illinois utilizes a distinct and comprehensive scheme of classification of felonies in that all felony offenses in the same class have the same sentencing range. Thus, an implicit factor in determining whether an offense is a similar class offense is a comparison of the sentencing ranges that apply.

¶ 15    Moreover, Illinois courts have upheld the imposition of extended-term sentences where the trial court has found that the prior out-of-state conviction constituted the same or similar class felony based on a comparison of sentencing ranges. See *People v. Cavins*, 288 Ill. App. 3d 173, 184-85 (1997) (appellate court affirmed trial court's finding that Iowa kidnapping charge, which carries an indeterminate sentence of not more than 10 years' imprisonment, was a similar class felony to a Class 2 felony in Illinois); *People v. Daniels*, 194 Ill. App. 3d 648, 652 (1990) (appellate court noted that defendant's prior Mississippi burglary, which carried a possible penalty ranging from 5 to 40 years, qualified as "a Class 2 felony or greater" under section 5-5-3(c)(2)(F)). Thus, in using the term "same or similar class felony," trial courts should consider both the sentencing range and the elements of the offense in determining whether the defendant is eligible for an extended-term sentence under section 5-5-3.2(b)(1).

¶ 16    Here, the record demonstrates that the trial court considered only the elements of the offense and did not compare the California offense to the equivalent Illinois Class 2 offense in

light of the different sentencing range. We therefore remand the cause to the trial court for a new sentencing hearing in order to compare the sentencing ranges, as well as the elements of the offenses, to determine whether the California conviction is the "same or similar class felony" to the Class 2 offense for which defendant was sentenced.

¶ 17                                                    II

¶ 18        Defendant argues that he is entitled to a $5-per-day credit for each of the 108 days he spent in presentence custody, for a total of $540. The State agrees.

¶ 19        An incarcerated person against whom a fine is levied is entitled to a credit of $5 per day for every day served in custody prior to sentencing. 725 ILCS 5/110-14(a) (West 2010). The right to receive the statutorily mandated credit "is not waived despite any failure to raise the 'issue' at the trial level" and "is cognizable on appeal as a matter of course subject to a defendant's application for it." *People v. Woodard*, 175 Ill. 2d 435, 456-57 (1997).

¶ 20        The trial court noted in the sentencing order that defendant served 108 days in presentence custody. The order also indicates that defendant was assessed a $5,000 fine. However, the order does not show that defendant received a $5-per-day credit against that fine. On remand, defendant is entitled to receive a $540 credit against any assessed fines.

¶ 21                                              CONCLUSION

¶ 22        The judgment of the circuit court of Tazewell County is reversed and remanded for further proceedings.

¶ 23        Reversed and remanded.